DUSKY, *Appellant*, v. RUDDER.

**Conversion:** BAILEE: AGENT: NOTICE. A bailee or agent of another, who, after being apprised of the rights of the real owner, retains possession of property, or of the proceeds of its sale, and refuses to deliver the same to such owner, is guilty of conversion. And it matters not, in this regard, that it was difficult to distinguish the property converted by the bailee from other property, which he had in his possession, and with which that converted was intermingled.

*Appeal from Linn Circuit Court.*—Hon. G. D. Burgess, Judge.

Reversed.

This was an action instituted before ajustice of the peace for the conversion of twelve sheep and their increase, and also for the conversion of twelve fleeces of wool. The trial in the circuit court resulted in a verdict and judgment for the defendant.

The evidence, on the part of the plaintiff, tended to show that about January 10th, 1880, A.V. Dusky took away from plaintiff's farm, where prior thereto they were keeping their sheep together, fifty-five sheep, of which number plaintiff claimed twelve to be his property; that plaintiff was absent from home at the time, but that his son objected to A. V. Dusky taking more than thirty-six sheep having the latter's mark thereon, without plaintiff's consent; that within two or three days after the sheep were taken, plaintiff went to see A.V. Dusky, and found that the marks on the most of the sheep had been changed; that prior to this, on September 24th, 1879, A.V. Dusky had executed a chattel mortgage to one Barnes on 150 sheep, to secure the payment of a note for $250; that Barnes was informed by plaintiff, at the time of the execution of the mortgage, that A. V. Dusky did not own the third of 150 sheep. The evidence of plaintiff further tended to show that the note and mortgage were placed by Barnes in the hands of defendant, the former having removed from the State; that on or about April 1st, 1880, on Sunday, plaintiff told Rudder, the defendant, that twelve of the sheep that A. V. Dusky took and their increase, belonged to him, plaintiff; that defendant refused to recognize said notice, because given on Sunday, and thereupon, on the following day plaintiff sent him a written notice of his claim to the sheep in controversy. Plaintiff's eviden·e further went to show that A.V. Dusky

26—80

contracted to sell the fleeces of wool taken from the sheep in question to a purchaser at Chillicothe, Missouri, and that defendant, after receiving the above notices, hauled and delivered the wool there and received the money for it; that about July 1st, 1880, A. V. Dusky contracted to sell fifty odd sheep and thirty-five lambs (including the sheep in question) to one Watterson, at the price of $125, the latter testifying that he bought the sheep of A.V. Dusky, but paid defendant $52.10, he so paying that sum to defendant to have the Barnes mortgage released; that he, Watterson, bought all the sheep that were at defendant's. Plaintiff's evidence also went to show that these sheep so bought by Watterson, were put into defendant's possession at the instance of A. V. Dusky and one Stanley; that defendant offered to sell the latter forty-four of the sheep, and to take the risk arising from the ownership of some of the sheep being in dispute; that after defendant so obtained possession of the sheep he refused permission to plaintiff's son to go into the pasture to see the sheep, and notified plaintiff that there was only one way by which he could get the sheep, and *that was by law.* With respect to the money received by defendant for the wool and sheep claimed by plaintiff, the latter's evidence was, that defendant said he had the money and that plaintiff could not get it; the defendant himself testified that he told plaintiff that he, defendant, had $91.50, that he got it from one Stodard, and was going to keep it until this matter was settled.

Defendant's evidence tended to show statements of plaintiff to one Darling that none of the sheep taken by A. V. Dusky belonged to plaintiff; that A. V. Dusky sold the wool at Chillicothe, and that he requested defendant to haul it there for him, which the latter did; that defendant there received the remainder of the purchase money due on it, brought it back, and at A. V. Dusky's request, he sent it to Barnes to apply on the mortgage debt; that he, defendant, did not know anything about the ownership of the wool; that the sheep were not in his possession until long

after the above; that all defendant's connection with the sale of the sheep was that A. V. Dusky and one Stanley came with them to defendant's and asked permission to turn them into the latter's field, which was granted; that A. V. Dusky then sold all the sheep to Watterson for $125, the defendant only requiring that Watterson should pay the remainder due on the Barnes mortgage, $52.10, before he would release it; that it was admitted that all the sheep were included in the mortgage, except from six to twelve; that the number admitted to be included in the mortgage was sufficient to pay the residue due on the mortgage twice over; that defendant simply got this balance for Barnes and not for his own benefit. Defendant's evidence also tended to thow that A. V. Dusky did not take away from plaintiff's any sheep except those having the former's mark; that he so took away fifty-one head.

Plaintiff asked the court to instruct the jury as follows:

1. If the jury believe from the evidence that on or about the 10th day of January, 1880, one A. V. Dusky, without the consent of the plaintiff, took and drove away from the plaintiff's farm and premises the sheep, or some number of them, claimed by him in his complaint in this case, and that afterward said sheep were taken to the farm of the defendant by said A. V. Dusky, and that he sold said sheep to one Gabriel Watterson without plaintiff's consent, and that of the money paid by said Watterson for said sheep the defendant received the sum of $52.10, and that prior to the said sale of said sheep defendant had actual notice that plaintiff claimed to own a part of said sheep; and that the plaintiff was the owner of twelve or some other number of said sheep, then the jury should find their verdict for the plaintiff on the first count of the complaint, and assess his damages on said count at the value of plaintiff's sheep so sold.

2. The court further instructs the jury that if they believe from the evidence that the plaintiff was the owner

of twelve, or some less number of sheep, which one A. V. Dusky had taken from plaintiff's farm and premises without his consent, on or about the 10th of January, 1880, and that said A. V. Dusky sold the fleeces taken off of plaintiff's said sheep, and that the defendant delivered said fleeces to the purchaser thereof, and received the payment therefor, and by an arrangement between said A. V. Dusky and defendant, he, said defendant, retained said money, and has not paid the same to plaintiff, and that defendant knew that plaintiff claimed to be the owner of the sheep, off of which said fleeces were taken, and also claimed the money derived from the sale thereof, then the jury should find for the plaintiff on the second count of the complaint, and assess his damages on said count at the value of said fleeces.

3.    If the jury believe from the evidence that the sheep or any of them claimed by plaintiff in his complaint in this case, were the property of the plaintiff, and that while the plaintiff was such owner A. V. Dusky executed to one Barnes a mortgage upon the same, and that said A. V. Dusky, without plaintiff's consent, took and carried away said sheep from plaintiff's farm, and that afterward said A. V. Dusky sold said sheep to one Watterson, without plaintiff's consent, and that defendant being fully notified of plaintiff's claim of ownership to said sheep, and acting as agent for said Barnes for the collection of the debt mentioned in said mortgage and holding said mortgage, received from said Watterson the sum of $52.10 on the payment for said sheep, and that defendant has refused to pay plaintiff anything for or on account of said sheep, then the jury should find their verdict for the plaintiff on the first count of the complaint.

The court refused to give the foregoing instructions as asked by plaintiff, but did give number one and two in a modified form.   By the modification so made by the court as to number one, the plaintiff was not authorized to recover, unless *the defendant* (instead of A. V. Dusky) sold the sheep to Watterson, and by the modification as to num-

ber two, the plaintiff was not entitled to recover for the fleeces of wool sold, unless A. V. Dusky *and defendant* (instead of the former alone) so sold the said fleeces, as stated in the instruction. To the instructions so modified and given, the plaintiff objected and excepted.

The following were the instructions given at defendant's request and against plaintiff's objection:

1. The jury are instructed that if the sheep claimed by plaintiff were brought to the defendant's premises by one A. V. Dusky, who claimed to be the owner thereof, with a flock of forty or more other sheep, also claimed by said A. V. Dusky, and that the plaintiff simply claimed so many sheep out of the flock, without, in any way, identifying, or offering to identify the particular sheep claimed by him, or to distinguish them from the other sheep in the flock, and that the sheep were sold by A. V. Dusky, and that the defendant had no part in such sale, but simply received out of the proceeds of the entire sale a sum sufficient to satisfy and pay off a chattel mortgage on such of the sheep as were the property of A. V. Dusky, then the plaintiff cannot recover upon the first count, even though some of the sheep may have been plaintiff's property, and though he may have given defendant notice not to sell the sheep.

2. The jury are instructed that if the wool for which plaintiff claims in the second count, was sold by A. V. Dusky, and that the defendant had nothing to do with said sale, and only hauled said wool or fleeces with others to the market to accommodate the said A. V. Dusky, and that the defendant did nothing more in reference to such sale, except under the directions of said A. V. Dusky, to apply part of the proceeds on a note secured by chattel mortgage upon part of said sheep, then the plaintiff cannot recover upon the second count in the petition, unless he knew at the time, or before the sale of said fleeces, that the same or some part thereof was the property of plaintiff.

Plaintiff's motion for a new trial assigned the following reasons therefor:

1.  Because the verdict is against the weight of the evidence.

2.  Because the court, in giving the instructions on the part of the defendant, to-wit, numbers one and two, committed error.

3.  Because instructions one and two, given on the part of the defendant, were not warranted by the evidence adduced upon the trial of the issues.

4.  Because the verdict is contrary to the law.

5.  Because the court committed error in refusing instruction number three on the part of the plaintiff.

6.  Because the instructions on the part of the plaintiff and defendant, as a whole, do not agree, nor correctly present the law of the case.

*A. W. Mullins* for appellant, cited *Koch v. Branch*, 44 Mo. 542; *Williams v. Wall*, 60 Mo. 318; *Schroeppel v. Corning*, 5 Den. 236; *Hoffman v. Carow*, 22 Wend. 285; *Stephens v. Elwall*, 4 Maule & Sel. 259; *Lyle v. Lindsey*, 5 B. Mon. 123; 2 Hilliard on Torts, pp. 104, 105; also *Ib.*, pp. 477, 478; Cooley on Torts, pp. 53, 54.

*S. P. Huston* for respondent, cited *Brady v. Conolly*, 52 Mo. 19; *McCoy v. Farmer*, 65 Mo. 247; *Acock v. Acock*, 57 Mo. 154.

SHERWOOD, J.—This is an action instituted before a justice of the peace, R. W. Mitchell, of Jefferson township, Linn county. The plaintiff's statement is as follows:

Plaintiff states that the defendant owes plaintiff the sum of $60, now due, for the value of twelve head of grown sheep and —— lambs, the increase of said sheep, which were sold and delivered by defendant and one A. V. Dusky, to one Gabriel Watterson, without the authority and against the will of plaintiff, heretofore, to-wit, on the — day of ——, 1880, and the proceeds of said sale for said sheep were

received by defendant and converted and appropriated to his own use and benefit. That said sheep, when so sold and delivered, were the property of the plaintiff. Wherefore plaintiff prays judgment for said sum of $60, with interest and cost of suit.

And plaintiff further states that defendant owes plaintiff the sum of $25.60 for and on account of said amount of money received by defendant for twelve fleeces of wool, which said wool was the property of plaintiff, and which was sold by defendant and one A. V. Dusky, to one A. Wall-brunn, heretofore, to-wit, on the — day of ——, 1880, and which said money has been converted and appropriated to defendant's own use and benefit. Wherefore plaintiff prays judgment for said sum of twenty-five dollars and sixty cents and for interest and costs.

The controlling question in this record is whether a conversion of plaintiff's sheep or their wool, or the proceeds of either took place as charged in the complaint. If the evidence establishes that a conversion of plaintiff's property occurred in either of these ways, and that the defendant in any manner aided in such conversion, the law holds him chargeable therewith and responsible therefor. True, a mere bailee, whether common carrier or otherwise, may receive property from one not rightfully entitled to possession and may deliver it in pursuance of the bailment, if this is done before notice of the rights of the real owner. After such notice he acts at his peril. Cooley on Torts, 456. And the evidence tends to show notice to the defendant, and a conversion by him of the property of the plaintiff and of its proceeds. Any wrongful act which negatives or is inconsistent with the plaintiff's right is *per se* a conversion. *Koch v. Branch*, 44 Mo. 542; *Williams v. Wall*, 60 Mo. 318; *State v. Berning*, 74 Mo. 87.

In *Koch v. Branch, supra,* an agent who collected money on a stolen voucher for an innocent purchaser thereof, was held liable for its value to the true owner, and that in order to such liability it was not necessary that the agent

should use the proceeds of the conversion to his own benefit. In the case just cited, that of *Hoffman v. Carow*, 22 Wend. 285, is approvingly mentioned, where an auctioneer was held liable to the owner of stolen goods, although such auctioneer sold them in the usual course of trade, without knowledge of the felony or the claim of the owner, and paid the proceeds to the person for whom the sale was made. In this case, as there was evidence of other acts of the defendant showing a conversion of the sheep and their proceeds, etc., it was quite immaterial whether he actually sold the sheep or their fleeces or not. For this reason the instructions asked by plaintiff numbered one and two should have been given without any modification, and the fact that A. V. Dusky had mortgaged the sheep in question along with others of his own, without the plaintiff's consent, and that defendant was acting as the mortgagee's agent in retaining possession of the sheep and in receiving the money to a sufficient amount to pay off and discharge the mortgage could not better his condition or make him less liable to an action. For this reason instruction number three asked by plaintiff should have been given. This instruction virtually told the jury that the mortgage of the sheep to Barnes was no protection to the defendant; nor was it, nor should it have been admitted in evidence since it was wholly foreign to the issues in the case.

It is true that the error of admitting in evidence the Barnes mortgage was not called to the attention of the court in the motion for new trial, but the discussion of the mortgage has become necessary owing to its being referred to in plaintiff's third instruction as well as in defendant's first instruction. And if the instructions asked by plaintiff should have been given without modification, it results therefrom that defendant's instructions should have been refused. Defendant's acts in retaining possession of the mortgaged property as the agent of Barnes after being apprised of plaintiff's rights, and after such notification thereof, retaining the proceeds of the sale and refusing to de-

liver to plaintiff any portion thereof, was clearly a conversion, and this, regardless of what the motive of the defendant may have been. If Barnes had taken possession of plaintiff's sheep by virtue of his mortgage he would have been answerable to plaintiff, and his agent cannot occupy any better position. Nor does it matter as affecting the question of defendant's liability, that it was difficult to distinguish plaintiff's sheep from the others in the flock, and this is especially true, if as the evidence tended to show, the marks of plaintiff's sheep had been changed by A. V. Dusky. Cooley on Torts, 53, 54.

Therefore judgment reversed and cause remanded. All concur.