BROCK v. BARR.

1. **Appeal:** AMOUNT IN CONTROVERSY: CASES CONSOLIDATED: CERTIFICATE OF JUDGE. Where two cases were consolidated in the circuit court, so that the whole amount in controversy, as shown by the pleadings, was more than $100, a certificate of the trial judge was not necessary to give this court jurisdiction of an appeal from a judgment rendered therein, and a certificate made in such case must be disregarded.

2. **Chattel Mortgage:** DESCRIPTION: SUFFICIENCY. The description of property in a chattel mortgage was as follows: "One bay horse, named Billy, ten years old last spring, and one one-seated buggy, and one set of single harness, all of which is in my possession and clear of incum-

brance." The mortgage showed that the mortgagor resided in Mahaska county, and provided against the removal of the property from that county. *Held* that the description was sufficient. (*Wells v. Wilcox*, 68 Iowa, 708, followed.)

3. **Replevin**: GOODS SEIZED ON EXECUTION: VALID JUDGMENT AND LEVY PRESUMED. In an action of replevin against a sheriff, where it was alleged and admitted that the defendant had levied upon and held the property under an execution against another, *held* that, in the absence of any denial of the validity of the execution and judgment, it must be understood that both a valid execution and a valid judgment were shown by the pleadings; and an instruction that proof of the validity of the judgment and of the levy was necessary on defendant's part, was both erroneous and prejudicial.

*. Appeal from Mahaska Circuit Court.*

FRIDAY, DECEMBER 17.

ACTION in detinue to recover the value of certain personal property wrongfully taken from plaintiff by defendant. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Carroll & Davis* and *Phillips & Greer*, for appellant.

*John F. & W. R. Lacey* and *Gleason & Haskell*, for appellee.

BECK, J.—I. The action was commenced before a justice of the peace to recover the value of a buggy and harness, of the

1. APPEAL: amount in controversy: cases consolidated: certificate of judge.

aggregate value of $85, which were levied upon by defendant, who is the sheriff of the county, under an execution against one Lewis. The petition, as we understand the abstract, shows that the plaintiff claims the property under a mortgage executed by Lewis, and that written notice of plaintiff's claim to the property, and demand of possession thereof, was, as required by statute, served upon defendant. The answer of defendant admits the levy of the execution and registry of the mortgage, and denies plaintiff's ownership of the property, and all allegations not specifically admitted. It alleges that the mortgage is void because of the insufficiency of the descrip-

tion of the property covered by it, and for the further reason that it was executed for the purpose of hindering and delaying the creditors of Lewis, the mortgagor, and especially the plaintiff in the execution. A judgment was rendered for defendant in the justice's court. Plaintiff appealed to the circuit court. An agreement in writing was entered into between the parties that another suit before a justice of the peace, involving the right of plaintiff to the possession of a horse, should be consolidated with this suit, and that defendant's answer to the petition should be applicable to the amended petition filed for the purpose of settling his claim to the property involved in the second action. That amended petition alleges that plaintiff is the owner of the horse under the mortgage in question in the first suit, which is of the value of $70, and that it was seized by defendant under an execution against the mortgagor.

II. The causes, when consolidated, became one cause. More than $100 are involved therein, as shown by the pleadings. A certificate of the questions for decision was not necessary to authorize an appeal. One was given, however, but it must be disregarded, and the case tried here upon the record without regard to the certificate.

III. The defendant requested the circuit court to instruct the jury that the description of the mortgage is so indefinite 2. CHATTEL that the instrument is not sufficient to impart mortgage: description: notice of the conveyance of the property by the sufficiency. mortgage. The instruction, in our opinion, was rightly refused. The mortgage described the property in this language: "One bay horse, named Billy, ten years old last spring, one one-seated buggy, and one set single harness, all of which is in my possession, and clear of incumbrance." The mortgage shows that the mortgagor resided in Mahaska county; and provides that in case of any attempt to remove the property from Mahaska county the mortgagees may lawfully take possession of the property. The description of the property, and the facts pointing to the means of identi-

fying it upon inquiry, are identical with those found in *Wells v. Wilcox*, 68 Iowa, 708. Following that case, we hold the description of the property found in the mortgage to be sufficient.

IV. The circuit court instructed the jury that there was no competent evidence of the judgment upon which the execution was issued introduced upon trial, nor any evidence given of any levy upon the property made by defendant, and that they were not authorized to find that the property was held by defendant under a valid levy. The instructions are plainly erroneous, and most prejudical to defendant. The plaintiff, in his petition and amended petition, avers that the alleged cause of the detention of the property is its seizure upon execution. There is no allegation of the invalidity of the execution for any reason. Defendant in his answer admits that he took and holds the property upon an execution. If there was a valid execution there must have been a valid judgment. In the absence of any denial of the validity of the execution and judgment, it must be understood that both a valid execution and a valid judgment are shown by the pleadings.

*3. REPLEVIN: goods seized on execution: valid judgment and levy presumed.*

V. But the plaintiff's counsel insists that, if erroneous, the instructions were not prejudicial, for the reason that the jury must have found that there was no fraud in the mortgage, and therefore the levy of the execution was unlawful. But, to show fraud of which defendant could take advantage in this action, it was necessary to show that there was a creditor who was defrauded. There was no evidence of any indebtedness of the mortgagor, except as it was shown by the judgment and execution under which the defendant seized the property. Unless the jury considered the judgment and execution—and they were directed not to do so—they could not have found fraud.

Other questions discussed upon this appeal need not be considered, as they may not arise in another trial. For the error in the instructions above pointed out, the judgment of the circuit court is                                    REVERSED.