LaFayette Co. Bank v. Metcalf, Moore & Co.

The LaFayette County Bank and Joseph Wilson, Cashier and Trustee, Respondents, v. Metcalf, Moore & Co., Appellants.

## Kansas City Court of Appeals, April 14, 1890.

1. **Conversion:** AGENT: ACT OF HOSTILITY TO TRUE OWNER. One who finds himself in possession of property belonging to another, yet does nothing with the property or to the property in hostility to the true owner is not guilty of conversion; if an agent, however, does that (in this case sells fatted beef cattle, in the usual course, for slaughter and consumption) which cuts off the true owner's remedy to follow his property and hold him liable in whose hands he may discover it, he should be held in conversion, notwithstanding his ignorance of the true owner's claim.

2. ———— : ———— : MORTGAGE : RECORD NOTICE. If a mortgagor rightfully in possession of mortgaged cattle delivers the same to his commission merchant, who without actual notice of the mortgage sells and accounts to him for the proceeds, the merchant will be liable to the mortgagee for conversion, as the record of the mortgage gave notice to all dealing with the cattle whether within or without the state, and took the place of a change of possession and the case stands as if the cattle had been taken from the mortgagee's possession by the mortgagor.

3. **Mortgage :** SALE BEFORE DEFAULT. A mortgagor in possession may, generally before condition broken, sell and deliver the mortgaged property, but such sale must be in recognition of, and not in antagonism to, the mortgage; and, if the sale is such as purports to convey complete title, the mortgagee has immediate right to the possession ; and, if the mortgagor's vendee destroys the property or materially alters its condition, it is a conversion, and the mortgagee has his action.

4. ———— : DEMAND. The office of a demand is evidential and not creative. A wrongful sale constitutes an actual conversion and when shown dispenses with a demand.

5. **Ratification :** INSTRUCTION. An instruction telling the jury that in order to find a ratification they must believe plaintiffs knew of the sale and that the money paid them arose from said sale, is approved under the facts in this case.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Taylor & Pollard, O. L. Houts,* for the appellants.

( 1 ) *First.* The petition and the evidence fail to state facts sufficient to constitute a cause of action in this : It shows that these defendants were mere factors, having no knowledge of plaintiff's interest in said cattle, and showing no negligence in not having such knowledge, hence they had a right to pay the proceeds of the cattle to their consignors. Meacham on Agency, sec. 1050 ; *Lenthold v. Fairchild,* 28 N. W. Rep. 218 ; *Burnett v. Gustafson,* 54 Iowa, 86 ; *Roach v. Turk,* 9 Heisk. (Tenn.) 708 ; *Barnard v. Kobbe,* 54 N. Y. 520 ; Story on Agency [ 9 Ed.] sec. 217 ; *Spooner v. Holmes,* 102 Mass. 503 ; *Rogers v. Huie,* 2 Cal. 571 ; *Mires v. Solebay,* 2 Mod. 242 ; *Fowler v. Hollins,* 7 Q. B. 616. *Second.* They show that the plaintiffs at the date of sale of the eighty-three head of cattle by appellants had neither the right of possession nor the ownership of said cattle. *Barnet v. Timberlake,* 57 Mo. 501 ; *Sheble v. Curdt,* 56 Mo. 437 ; *Stonebraker v. Ford,* 81 Mo. 532 ; *Caldwell v. Pray,* 41 Mich. 307 ; s. c., 32 N. W. Rep. 54 ; *Beach v. Derby,* 19 Ill. 617 ; *Spalding v. Mozier,* 57 Ill. 148 ; *Sherman v. Clark,* 24 Minn. 37 ; *Davis v. Bruce,* 1 Mont. 463 ; *Porter v. Parmley,* 43 How. Pr. 445 ; *Hathaway v. Brayman,* 42 N. Y. 322 ; *Hammill v. Gillespie,* 48 N. Y. 556 ; *Skiff v. Solace,* 23 Vt. 279 ; *Cole v. Clark,* 3 Cush. 399 ; *Bank v. Metcalf, Moore & Co.,* 29 Mo. App. 384 ; *McCandless v. Moore,* 50 Mo. 511 ; Cooley on Torts, p. 450 ; *Wilson v. Rountree,* 72 Ill. 470 ; *Olds v. Andrews,* 66 Ind. 147 ; Jones on Chattel Mortgages [ 3 Ed.] secs. 374, 454, 455, 464, 489, 491 ; *Barbour v. White,* 37 Ill. 164. *Third.* The petition fails

to show that there was a demand made on defendants for these cattle or their proceeds, and the proof shows there was none ; hence they are not liable. *Dusky v. Rudder*, 80 Mo. 400 ; *Nanson v. Jacob*, 93 Mo. 331 ; *Wood v. Cohen*, 6 Ind. 455 ; *Sherry v. Ricken*, 10 Ind. 375 ; *Myers v. Hale*, 17 Mo. App. 209 ; 1 Chitty on Pleadings, 183 ; *Ware v. First Cong.*, etc., 125 Mass. 585 ; *Loring v. Mulcahey*, 3 Allen, 575 ; *Spooner v. Holmes*, 102 Mass. 503 ; *Bank v. Metcalf, Moore & Co.*, 29 Mo. App. 384, and cases therein cited ; *Weil v. Tyler*, 38 Mo. 545 ; *State v. Mooney*, 65 Mo. 494. ( 2 ) If the plaintiff bank, through its officers or agents, was possessed of facts sufficient from which it could be reasonably inferred that it knew whence came the nine hundred dollars paid on the Winn note, then the receipt of such nine hundred dollars was a ratification of the sale by defendants. *Bank v. Metcalf, Moore & Co.*, 29 Mo. App. 384 ; Jones on Chattel Mortgages [3 Ed.] sec. 457 ; *Pratt v. Maynard*, 116 Mass. 388.

*Graves & Aull*, for the respondents.

(1) The first point made by appellants in this court, is that the petition does not state facts sufficient to constitute a cause of action because Metcalf, Moore & Co. had no actual knowledge of the mortgage. Metcalf, Moore & Co., as the agents of the Winns were affected in law with the same knowledge of the mortgage that the Winns had, and by every well-considered case it has been so held, and this, too, notwithstanding appellants' place of business was in East St. Louis. This mortgage being duly recorded in LaFayette county was notice to every purchaser, resident or non-resident. How much more so to Metcalf, Moore & Co., the agents of Winns. Directly in point are the following cases : *Bank v. Metcalf, Moore & Co.*, 29 Mo. App.384 ; *Feurt v. Powell*, 62 Mo. 526 ; *Spraight v. Hawley*, 39 N. Y. 441; *Kenon v. Stinson*, 20 N. W. Rep. 364 ; *Koch v. Branch*,

44 Mo. 543; *Rice v. Cobb*, 9 Cush. 303; *Laing v. Perrott*, 48 Mich. 198; *Marks v. Robinson*, 2 South Rep. 292; *Hamilton v. Caruthers*, 19 Mo. App. 567; *Martin v. Benoist*, 20 Mo. App. 270; *McCandless v. Moore*, 50 Mo. 572; *Bailey v. Godfrey*, 54 Ill. 508; *Judson v. Cook*, 11 Barb. 642; *Mendenhall v. Rainor*, 2 Hilton, 319; *Fox v. Jackson*, 8 Barb. 355; Story on Agency [8 Ed.] sec. 312, and cases cited; Jones on Chattel Mortgage, sec. 455; *Welch v. Whittemore*, 25 Me. 86; *Allen v. McMonagle*, 77 Mo. 481; *Crocker v. Atwood*, 12 N. E. Rep. 421. (2) Under the sub-head of appellants' first point, it is claimed that the "plaintiffs at the date of the sale of the cattle had neither the right of possession nor the ownership of said cattle." The cases cited by appellants are irrelevant, except *Skiff v. Solace*, 23 Vt. 279, which is expressly overruled in the case of *Jones v. Taylor*, 30 Vt. 42. The following cases cited by respondents under this sub-head are conclusive and controlling: *Bank v. Metcalf, Moore & Co.*, 29 Mo. App. 384; *Drug Co. v. Robinson*, 81 Mo. 18; *Laing v. Perrott*, 48 Mich. 298; *Daggett v. McClintock*, 56 Mich. 55; *Grove v. Wise*, 39 Mich. 163; *Bailey v. Godfrey*, 54 Ill. 508; *Allen v. McMonagle*, 77 Mo. 481; *Crocker v. Atwood*, 12 N. E. Rep. 421. (3) Under this sub-head the appellants claim exemption from liability because, notwithstanding they acted as agents for the Winns in making this tortious sale, there was no demand made on them for the proceeds of the sale. None was needed. The appellants stand in the shoes of the Winns, who were their principals. This claim is wholly groundless as will be seen by the following point blank authorities: *Bank v. Metcalf, Moore & Co.*, 29 Mo. App. 384; *Drug Co. v. Robinson*, 81 Mo. 18; *Jones v. Taylor*, 30 Vt. 42; *Hake v. Buell*, 50 Mich. 91; *Howitt v. Estelle*, 92 Ill. 220; *Welch v. Whittemore*, 25 Me. 86; *Bailey v. Godfrey*, 54 Ill. 508; *Laing v. Perrott*, 48 Mich. 298; *Daggett v. McClintock*, 56 Mich. 52–55. (4) The court

instructed fully and correctly concerning ratification by the bank. Knowledge of an act must exist before ratification can be inferred. *Bank v. Metcalf, Moore & Co.,* 29 Mo. App. 396 ; *Windsor v. Bank,* 18 Mo. App. 665 ; *Baldwin v. Burrows,* 47 N. Y. 211 ; *Moore's Ex'r v. Patterson,* 28 Pa. St. 505 ; *Nixon v. Palmer,* 8 N. Y. 398 ; *Armory v. Hamilton,* 17 Mass.

ELLISON, J.—This case is before us on second appeal. It will be found reported in 29 Mo. App. 384.

Plaintiff is the mortgagee of a certain lot of beef cattle which were being fattened at the mortgagors' farm at the date of the mortgage. Defendants are live-stock commission men, doing business at the National stock yards in East St. Louis, Illinois. The mortgagors shipped the cattle to defendants from LaFayette county, Missouri, who sold and delivered them at the stock yards to purchasers on the market, receiving a commission for the sale. The shipment and sale was without the knowledge or consent of plaintiffs. Plaintiffs did not learn of the sale for several months after it took place. No demand was made of defendants for the cattle. The mortgage was duly recorded in LaFayette county, Missouri, and contained the following provision : " The property hereby sold and conveyed to remain in our possession until default be made in the payment of the said debt and interest, or some part thereof ; but in case of sale or disposal, or attempt to sell or dispose of said property, or a removal of, or attempt to remove the same from the farm where it now is without the written consent of Joseph Wilson indorsed thereon, or an unreasonable depreciation in value thereof, the said Joseph Wilson, cashier and trustee, or his legal representatives, may take the said property, or any part thereof, into his possession." Judgment was for plaintiffs and defendants appealed.

Defendants contend, first, that they are not liable to the action of trover and conversion, for the reason

that they were merely the agents—commission men—of the mortgagors in selling the property for them and turned back to them the proceeds of the sale, less commissions and expenses, and had no notice or knowledge of plaintiffs' interests and were guilty of no negligence. As to this, we have to say, that one who finds himself in possession of property belonging to another, yet does nothing with the property or to the property in hostility to the true owner, is not guilty of a conversion. "A mere bailee is guilty of no conversion though he receives property from one not rightfully entitled to possession, and, acting as a mere conduit, delivers it in pursuance of the bailment, if this is done before notice of the rights of the real owner." *Nanson v. Jacob*, 93 Mo. 331. But any wrongful act which negatives or is inconsistent with the plaintiffs' right is, *per se*, a conversion. *Dusky v. Rudder*, 80 Mo. 400.

Whether an agent, without notice, who sells and delivers property, which has not been stolen, but has otherwise been wrongfully had of the true owner, can be held liable in an action of trover and conversion, presents a question about which there has been considerable discussion. That he can be so held is ably maintained. *Spraight v. Hawley*, 39 N. Y. 441; *Cole v. Clark*, 3 Cush. 399; *Fowler v. Hollins*, 7 Q. B. (35 Victoria) 616. The latter case is by a divided court, but contains an exhaustive discussion of the subject. It has been cited as deciding there was no conversion by the broker who bought and sold the property. In this respect it is misconceived. The court of queen's bench held there was a conversion, which judgment was affirmed on appeal, probably by an equal division, by the court of exchequer chamber. The contrary to these authorities is strongly maintained in other jurisdictions. *Frizzel v. Rundel* ( Sup. Ct. not yet reported ); *Roach v. Turk*, 9 Heisk. 708 ; *Rogers v. Huie*, 2 Cal. 571. In the view we take of this case it is

not necessary to pass upon the conflict which is presented in the books. My individual view of the matter is with the cases first cited.

But all the authorities holding the agent not liable, to which my attention has been called, state the true owner's remedy to be his right to follow the property and hold him liable in whose hands he may discover it. So I take it that, if the agent has done that which cuts off all chance for the owner to assert this remedy, he should be held in conversion. If A., as the agent of B., sells and delivers my bushel of coal to one whom he knows is to immediately consume it for fuel, he has destroyed my property—has converted it, under all the definitions of conversion and is liable to me, though he acted without knowledge of my title. Now, in this case, the property was fattened beef cattle. It was shipped to the market and was sold by defendants, as they say, in the usual course, that is, the cattle were sold for slaughter and consumption. The defendants necessarily knew these things and with this knowledge they cut off all chance of plaintiff to follow the cattle; they destroyed the property. I have no doubt this amounted to a conversion notwithstanding defendants may have been ignorant of the mortgage or the plaintiffs' interest. It was a recognition of this principle which caused KELLY, C. B., in his dissenting opinion in the case of *Fowler v. Hollins, supra*, to say that: "The case of goods sent abroad, where they cannot be traced and followed by the owner into the hands of the purchaser, rests altogether upon an exceptional principle, which I think inapplicable to the present case." It is quite clear on all principles of right and justice that if one destroys my property, or does that to it which inevitably works its destruction, he does me a wrong, however unintentional it may be, for which he must answer. For he has not only intermeddled with my property, but he has made it impossible for me ever to recover it.

But in addition to this: Conceding the cattle to have been in the rightful possession of the mortgagors that fact cannot avail defendants. The mortgage was duly recorded in LaFayette county, Missouri, and thereby became notice to all dealing with the cattle, whether within or without the state. *Feurt v. Powell*, 62 Mo. 524. Recording the mortgage took the place of a change of possession, and the case stands as if the cattle had been taken from plaintiffs' possession by the mortgagors.

II. The second point, which attacks plaintiffs' right, under the terms of the mortgage, we think not well taken. The contention, as we understand it is, that as the debt was not due condition was not broken and the mortgagors were rightfully in possession and had a right to sell; that the provision in the safety clause against sale or removal of the cattle gave to plaintiffs as mortgagees a right to elect to take possession if they were sold or removed; and that until they did so elect no right accrued to them before demand and refusal.

It will not be disputed that a mortgagor in possession may, generally, before condition broken, sell and deliver the mortgaged property, the purchaser holding subject to the mortgage. So the mortgagor's title before condition broken is generally subject to sale on execution. We may concede for present purposes, that though there may be a provision in a mortgage giving the mortgagee the right to take possession of the property if the mortgagor should sell or remove it, and this is a right which the mortgagee may, or may not, exercise, at his option, and until exercised it does not prevent a valid *sale subject to the mortgage.* But it should be borne in mind that the sale must be in recognition of, and *not in antagonism to*, the mortgage. If the sale is such as purports to convey complete title in disregard of the mortgage it is contrary to the agreement (expressed or implied) for the mortgagor to remain in

possession; and the mortgagee has immediate right to the possession. So, if the mortgagor's vendee destroys the property or materially alters its condition, it is a conversion of it and the mortgagee has his action. In *Ripley v. Dolbier*, 18 Maine, 385, the property was a stallion good for work and breeding and the mortgagor's bailee castrated him. It was held to be a conversion giving an immediate right of action to the mortgagee against the bailee. In the case at bar, as we have seen, the sale was made, not in recognition of the mortgage but in disregard of the mortgagee's rights, and it *annihilated* the security.

III. This brings us to the consideration of the contention that a demand was necessary to plaintiffs' case. I think the contention discloses a misconception of the office of a demand. A demand is not necessary when there has been a conversion without it. Demand and refusal will show conversion when it did not otherwise appear. The office of demand is evidential and not creative. So it is held that a wrongful sale constitutes an actual conversion and when shown dispenses with a demand. *Howilt v. Estelle*, 92 Ill. 218; *Hake v. Buel*, 50 Mich. 89. Conceding, for present purposes, that defendant came lawfully into possession of the cattle yet they have since coming into that possession, as I have shown, committed the tortious act by the disposal of the property. "A conversion may be proved in three ways: *First.* By a tortious taking. *Second. By any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owners. Third.* By a refusal to give up possession to the owner on demand." *Nanson v. Jacob*, 93 Mo. 331. "Where the defendant's possession was rightfully acquired, his subsequent possession continues to be rightful *until he shall have done some act inconsistent with the owner's rights.*" Wells on Replevin, sec. 346.

Again, why do a useless thing? Plaintiffs did not discover the loss of the cattle for nearly a year after

they were sold. They had then doubtless been transformed into food and scattered in the markets of the world, or consumed. Of what avail would have been a demand? If the mortgagor of a steer or hog sells it to a butcher who has slaughtered it and retailed to customers, shall the mortgagee demand of the butcher a return of the animal? We rule this point also against the defendants.

IV. The question of ratification of the sale of the cattle by plaintiffs' receiving a portion of the proceeds, was properly submitted to the jury. They were properly instructed that in order to find a ratification they must believe plaintiffs knew of the sale and that the money which was paid them arose from said sale. *Windsor v. Bank*, 18 Mo. App. 665.

The authorities collected by appellants' counsel will be found in the brief. Many of them, in the view we have taken of the facts of the case, are considered inapplicable. Among those cited is a late case of *Frizzel v. Rundel*, in which it is held that an auctioneer who receives and sells household furniture of the mortgagor without *actual* notice of the mortgagee's title is not guilty of conversion, though the mortgage was duly recorded. We find ourselves unable to agree to this proposition. The judgment will be affirmed. All concur.