A. G. ESTES *et al.*, Respondents, v. DENNIS SPRINGER *et al.*, Appellants.

**Kansas City Court of Appeals, June 22 and December 7, 1891.**

1. **Chattel Mortgage:** RULE AS TO DESCRIPTION. Notwithstanding that the description in a chattel mortgage is faulty in that it does not locate the property and does not state who is the owner, yet such fault is cured where other portions of the instrument show the residence of the mortgagor and that the property is in his possession, and that it shall not be removed from the county in which the mortgagor's residence is fixed, and that upon default it shall be sold in such county.

| 47 | 99 |
|---|---|
| 52 | 366 |
| 47 | 99 |
| 55 | 163 |
| 47 | 99 |
| 61 | 440 |
| 47 | 99 |
| 69 | 376 |
| 47 | 99 |
| 81 | 100 |
| 47 | 99 |
| 93 | ¹131 |
| 47 | 99 |
| 97 | 582 |

2.  ———— : DESCRIPTION : LOCATION: OWNERSHIP : ALL PROPERTY OF LIKE
KIND. A description set out in the opinion is *held* not subject to
the objections that it does not allege ownership, nor locate the
property, nor identify the property as all of like kind owned by
the mortgagor, nor separate the mortgaged from the unmortgaged.

3.  ———— : ALL PROPERTY OF LIKE KIND : EVIDENCE. If it should
appear that the property enumerated was not all of like kind
owned by the mortgagor, it would avoid the mortgage (as the
description does not distinguish the mortgaged and unmortgaged),
but that is a matter to be made to appear by evidence.

*Appeal from the Barton Circuit Court.*—HON. D. P.
STRATTON, Judge.

AFFIRMED.

*R. J. Tucker* and *J. B. Cole*, for appellant.

(1) The description of the property is so insuffi-
cient, vague and indefinite that its record did not impart
constructive notice as to what particular property was
attempted to be conveyed, and the mortgage was, there-
fore, void as to third parties. *Jennings v. Sparkman*,
39 Mo. App. 663, 670; *Stonebraker v. Ford*, 81 Mo.
532; *Hughes v. Menefee*, 29 Mo. App. 204; *Kelley v.
Reid*, 57 Miss. 89 ; *Muir v. Blake*, 11 N. W. Rep.
621; *Goldin v. Cockrill*, 1 Kan. 259 ; *Caldwell v.
Trowbridge*, 26 N. W. Rep. 49 ; *Price v. McComas*,
31 N. W. Rep. 511 ; *Sperry v. Clark*, 41 N. W. Rep.
203; *Everett v. Brown*, 20 N. W. Rep. 743 ; *Tin-
dal v. Wasson*, 74 Ind. 495-500 ; *Cass v. Gunnison*,
58 Mich. 103; *Parker v. Chase*, 20 Atl. Rep. (Vt.)
198; *Rhutasal v. Stephens*, 68 Iowa, 627 ; 27 N. W.
Rep. 786 ; *Leffel v. Miller*, 7 South. Rep. 234; *Barr
v. Cannon*, 28 N. W. Rep. 413 ; *McCord v. Cooper*, 30
Ind. 9 ; *Hays v. Wilcox*, 17 N. W. Rep. 110 ;
*Montgomery v. Wright*, 8 Mich. 143 ; *Ormsby v.
Nolan*, 28 N. W. Rep. 569 ; *Bank v. Davidson*, 18
Or. 57; *Clapp v. Trowbridge*, 38 N. W. Rep. 411 ;
*Allen v. Dicken*, 63 Miss. 91 ; *Sharp v. Pierce*, 74

N. C. 600; *Grimes v. Cannell*, 36 N. W. Rep. (Neb.) 479; *Stewards v. Jaques*, 3 S. E. Rep. (Ga.) 233; *Warner v. Wilson*, 36 N. W. Rep. 720; *Goddard v. Jones*, 78 Mo. 520. (2) In order to give a chattel mortgage validity as against third parties, it is requisite that it should contain such a description of the property covered, as will enable third parties clearly to identify the property, either by the description, or when aided by inquiries, which the instrument itself indicates and directs. Parol evidence will not be permitted for the purpose of making good an insufficient description in a chattel mortgage, where third parties are interested. *Chandler v. West*, 37 Mo. App. 635; *Kelley v. Reid*, 57 Miss. 89; *Tyndall v. Wasson*, 74 Ind. 495; *Lawrence v. Everts*, 7 Ohio St. 194; *Tabor v. Sampson*, 18 Colo. Rep. 165; *Bank v. Rhutasal*, 25 N. W. Rep. 261; *Caldwell v. Trowbridge*, 26 N. W. Rep. 49; *Bowers v. Andrews*, 52 Miss. 596; *Stewart v. Jaques*, 3 S. E. Rep. (Ga.) 283. (3) It is important to state the location of the mortgaged property. A description which, without stating the location of the property, would be regarded as too indefinite and uncertain, may be rendered sufficiently definite and certain by making the mortgage itself indicate where the property may be found on inquiry. Jones on Chat. Mort. [3 Ed.] secs. 54, 58; *Hays & Wilcox*, 17 N. W. Rep. 110; *State v. Cabanne*, 14 Mo. App. 296; *Bank v. Metcalf*, 29 Mo. App. 394.

*H. C. Timmonds* and *Thurman & Wray*, for respondents.

(1) The description in a chattel mortgage is sufficient when a "third person by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the property covered by it." Jones on Chat. Mort. [2 Ed.] secs. 54-55; *Stonebraker v. Ford*, 81 Mo. 532; *Chandler v. West*, 37 Mo. App. 631; *Hughes*

*v. Menefee*, 29 Mo. App. 192.   (2)   Parol evidence is admissible for the purpose of aiding the description of a chattel mortgage and rendering it certain of identification.   Jones on Chat. Mort. [2 Ed.] secs. 53, 54, 64, 65 ; *Bank v. Jennings*, 18 Mo. App. 651 ; *Campbell v. Allen*, 38 Mo. App. 27 ; *Hughes v. Menefee*, 29 Mo. App. 204 ; *Cattle Co. v. Bilby*, 37 Mo. App. 43 ; *Jennings v. Spark-man*, 39 Mo. App. 671 ; *State v. Cabanne*, 14 Mo. App. 294 ; *State v. Cabanne*, 14 Mo. App. 455 ; *Wiley v. Sny-der*, 34 Mich. 60 ; *Mills v. Lumber Co.*, 26 Kan. 574 ; *Burns v. Harris*, 66 Ind. 536 ; *Hurt v. Redd*, 64 Ala. 85 ; *Cannally v. Spragins*, 66 Ala. 258 ; *Eddy v. Colwell*, 7 Minn. 225 ; *Galen v. Brown*, 22 N. Y. 37 ; *King v. Aultman*, 24 Kan. 246 ; *Sharp v. Pierce*, 74 N. C. 600 ; *Denning v. Stearns*, 9 Barb. (N. Y.) 630 ; *Barry v. Bennett*, 7 Met. (Mass.) 354.

ELLISON, J.—Defendant Springer is a sheriff who levied a writ of attachment sued out by the other defendants as creditors of the mortgagor in a chattel mortgage given to plaintiffs as mortgagees.   Plaintiffs bring this action against defendants for the conversion of the property.   The case is made to turn here on the validity of the description of the property as set out in the mortgage, viz.: "Know all men by these presents that the undersigned, T. J. Estes, of Barton county, Missouri, in consideration   *   *   *   do sell the following described personal property, to-wit : One roan horse, nine years old ; one gray horse, ten years old ; one brown horse, five years old ; eight black brood sows, and fifty suckling pigs ; four cows, two red and two spotted ; two red heifer calves, one red steer calf and one spotted steer calf ; one spring wagon ; one Flying-Dutchman sulky breaking plow ; one two-horse farm wagon, and one set of double harness ; upon condition that, if I pay," etc.

The rule governing descriptions in chattel mortgages in a contest with third parties has been frequently

stated to be that the mortgage, to be effectual, must point out the property so that a third party, by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the particular property conveyed. *Hughes v. Menefee*, 29 Mo. App. 192; *Chandler v. West*, 37 Mo. App. 631. It is often quite difficult to apply this rule to a particular description, and in the present instance we have had considerable trouble in arriving at a conclusion. Unquestionably the description could have been made more definite. The objection to it is that it fails to allege ownership (which is descriptive matter), nor does it locate the property, nor does it identify the property as being all of like kind owned by the mortgagor; or, if not all, it does not separate that mortgaged from that not mortgaged. We have been cited to several cases which condemn such descriptions, and which hold the mortgage void as to third parties. Among others are *Rhutasal v. Stephens*, 68 Iowa, 627; *Muir v. Blake*, 57 Iowa, 662; *Barrett v. Fisch*, 76 Iowa, 553; *Kelley v. Reed*, 57 Miss. 89.

But plaintiffs' counsel insists that, since the mortgage recites the mortgagor to be of Barton county, and since it provides that the property shall remain in his possession until condition broken, and that it should not be removed from Barton county, and that in case of sale it should be sold in Barton county, that it was sufficiently located in Barton county; and a *situs* was established by the mortgage itself, within the rule mentioned above.

We are inclined to adopt this view, especially as we find it supported by the supreme court of Iowa, where looseness of description, as shown by the foregoing authorities, does not receive much favor. *Wells v. Cox*, 68 Iowa, 708; *Brock v. Barr*, 70 Iowa, 399. It is true the mortgages in those cases recite the property to be "now in my (mortgagor's) possession," there being no such express recitation in the mortgage in question. But this mortgage does say that "the property hereby

sold and conveyed to remain in my possession until default," etc. It is thus sufficiently apparent from the mortgage itself that the property was in the possession of the mortgagor, and so it was held in *Wheeler v. Becker*, 68 Iowa, 723. Our conclusion, therefore, is, that, since the mortgage discloses that the mortgagor is of Barton county and since it is recited that the property was to remain in his possession until condition broken, and was not to be removed from Barton county, that it is thereby made sufficiently apparent, as matter of description, from the mortgage itself, that the property was in Barton county, and was owned by the mortgagor.

To the suggestion that the mortgagor is nowhere stated to be the owner of the property we reply that, since it appears that he was in possession and exercising acts of ownership by conveying it, it may well be said that he is the owner, nothing more appearing. To the suggestion that it does not appear that the property enumerated was all of like kind owned by the mortgagor, we reply that if he owned more of like description in Barton county it would avoid the mortgage ( *Stonebraker v. Ford*, 81 Mo. 532 ), but that is a matter to be made to appear by evidence.

There were several other alleged errors complained of, but an examination into their merit has satisfied us that the points made are untenable.

Since the foregoing was written our attention has been called to the opinion of Judge Biggs in *Boseman v. Fields*, 44 Mo. App. 432. We see nothing in that case inconsistent with what we have said in this. We affirm the judgment. All concur.