BANKING HOUSE, Appellant, v. C. B. BROOKS, Respondent.

Kansas City Court of Appeals, January 16, 1893.

1. **Chattel Mortgage:** OWNER: POSSESSION: SUBSEQUENT MORTGAGE. Where one is in possession of personal property and exercising acts of ownership over it by mortgaging it, it may, nothing else appearing, be legitimately inferred that he is the owner, though such mortgagee's title would not prevail over that of a subsequent mortgagee from the real owner.

2. **Conversion:** ACT INCONSISTENT WITH OWNER'S RIGHT. An act inconsistent with the owner's right, as a refusal to give up a mare, except at the end of a replevin suit, is sufficient to make out a case of conversion.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*January & Lindley*, for appellant.

(1) If there is any evidence tending to prove the cause of action, a peremptory instruction is erroneous. (2) Possession is some evidence of title. (3) The recital in plaintiff's chattel mortgage "now in my possession," being descriptive of the animal mortgaged, is evidence even against a third party that the mare was in the possession of the mortgagor if it be conceded that E. J. Beougher mortgaged the mare in controversy.

*Stone, Hass & King* for repondent.

(1) The foregoing testimony is all omitted from the appellant's abstract, and, but for that fact, we would not have deemed it necessary to have replied to appel-

lant's brief at all, as the law is clear that there can be no conversion unless the party complained against does something clearly in violation of the rights of the plaintiff. The testimony is undisputed that respondent sold the property subject to the appellant's claim, and unless he sold it with intent to appropriate it to his own use, or to some other person's than the owner's, it is not a conversion. *Thurston v. Blanchard*, 22 Pick. (Mass.) 18; *Durrell v. Mosher*, 8 John. (N. Y.) 445; *Davis v. Duncan*, 1 McCord (S. C.) 413: *Koch v. Branch*, 44 Mo. 542.

ELLISON, J.—Young Beougher executed a chattel mortgage on a black mare to plaintiff. He and old Beougher afterwards jointly executed a chattel mortgage to defendant. Defendant got possession of the mare and sold her under his mortgage, and plaintiff has now sued him in conversion. The trial court instructed that there was no evidence tending to show any right, title or interest in the mare in young Beougher, and on this ground the finding should be for defendant. Plaintiff appeals.

There was no affirmative testimony that the mare was owned by either of the Beoughers. There was evidence, however, tending to show that when the young man gave the mortgage he was in possession of the mare, and that defendant recognized this mortgage as a prior mortgage to his; that in taking his he had it executed by *both* the old and young man. In this connection defendant testified that when he took his mortgage he did not know who owned the mare. "I heard them talking among themselves that one owned this, and another owned that, and I told them they had all better sign the mortgage." It further appeared that he admitted plaintiff's prior mortgage, and again that he sold subject to it. Where one is in possession

of personal property and exercising acts of ownership by mortgaging it, it is evidence, nothing else appearing, from which you may legitimately infer that he is the owner. *Estes v. Springer*, 47 Mo. App. 99. If on a trial it should be believed to be a fact that the young man did not own the mare, when he gave the mortgage, plaintiff, of course, would have no case.

In regard to the conversion, the evidence tended to show that defendant refused to give up the mare except at the end of a suit in replevin adverse to him. This was sufficient to make out a case of conversion. It was an act inconsistent with plaintiff's right. And, notwithstanding he asserted at the sale that he was selling subject to plaintiff's mortgage and recognized such mortgage, yet he wilfully refused to turn over the property. He spoke in recognition of it, but both spoke and *acted* in antagonism to it. *LaFayette Co. Bank v. Metcalf*, 40 Mo. App. 494, 501. The judgment is reversed, and the cause remanded. All concur.