66  633
67  125

JOHN WIMBERLY, Appellant, v. JOHN PITNER, Respondent.

Kansas City Court of Appeals, May 18, 1896.

**Conversion:** DEMAND: EVIDENCE: INSTRUCTION. The office of a demand is evidential and not creative and an actual conversion dispenses with a demand; and where plaintiff's evidence tends to show an actual conversion and defendant's tends to show him to be a bailee, it is error to instruct the jury for the defendant that the plaintiff should have demanded the property.

*Appeal from the Polk Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*Rechow & Pufahl* and *Upton & Skinker* for appellant.

In actions for the conversion of either money or property it is not necessary to prove a demand. R. S. 1889, sec. 2948; *Knipper v. Blumenthal*, 107 Mo. 665; *Bank v. Morris*, 114 Mo. 255; *Richardson v. Ashby*, 33 S. W. Rep. 806.

*Sea, Emerson & Johnson* for respondent.

Appellant, having voluntarily delivered the property in controversy to respondent to deliver to his daughter, could not recover in this action without demand made before such delivery, or some act of respondent's in contravention of appellant's rights thereto. *Nanson v. Jacob*, 93 Mo. 331. Appellant having voluntarily delivered the property to respondent to deliver to his daughter, which he did as directed, without any notice, claim, or demand by appellant to the contrary, such delivery to the daughter was not a conversion, as respondent was merely a conduit in the transfer of the property from appellant to his wife. *Nanson v. Jacob, supra.* Appellant, having separated from his wife, and voluntarily delivered the property in question to her, through respondent, in settlement of their property rights, with the view to make the separation final, it became hers of right. *Jee v. Thurlow*, 2 Barn. & C. 547; *Bucknell v. Bucknell*, Ir. Ch. 130; *Moore v. Usher*, 7 Sim. 384. The judgment upon the merits of the case was for the right party and should be affirmed. R. S., sec. 2303; *Greer v. Bank*, 128 Mo. 559; *Bushey v. Glenn*, 107 Mo. 331.

ELLISON, J.—This action is for damages for the conversion of certain personal property, which, the

petition charges, the defendant took from the plaintiff, against the will of plaintiff and unlawfully converted to his own use. The answer was a general denial. The bill of exceptions is by the short method and recites that the evidence for plaintiff tended to establish the allegations of the petition, and that defendant offered evidence tending to show that he was a mere bailee of the property and had disposed of it as directed by plaintiff. The court gave an instruction in behalf of defendant, that there must have been a demand made for the property by plaintiff of the defendant. This was error. If the defendant took the property from plaintiff against his will, and unlawfully converted it to his own use, as is alleged, and as the evidence tended to prove, then no demand was necessary, since there was a conversion by the act itself and a demand was not necessary. We said in *Lafayette Co. Bank v. Metcalf*, 40 Mo. App. 502, that, "the office of a demand is evidential and not creative," and that, "an actual conversion, where shown, dispenses with a demand." There are cases where one may be the lawful bailee of another, under such circumstances as that there could be no conversion—at least, no outward evidence of it—until after a demand for the property and a refusal to give it up. But the plaintiff, according to the record before us, did not make out a case of that kind. He made out a case of actual conversion, aside from a demand. By the instruction given, the court destroyed plaintiff's case as made out by his evidence. The instruction should have been so worded that if the plaintiff's theory was believed by the jury, a demand was not necessary, and if the defendant's was believed, a demand was necessary.

Something has been suggested as to the bill of exceptions not portraying the facts as they actually took

place at the trial, but of this we can not take notice, since we must accept the record as presented.

The judgment is reversed and cause remanded. All concur.