## MOUAT ET AL. v. WOOD.

1. CONVERSION—MEASURE OF DAMAGES.

Where goods are sold and disposed of without authority of the owner, all persons participating in, aiding or abetting such sale are accountable to the owner for the full value of the goods.

2. PRACTICE.

When the ruling of the court in admitting exhibits was evidently based upon a misunderstanding of the facts, which might have been corrected by counsel at the time, their silence will preclude them from urging the objection on appeal which was not called to the attention of the trial court.

### *Appeal from the Court of Appeals.*

APPELLEE, plaintiff below, whose place of business is in the city of Boston, Massachusetts, being the owner of certain merchandise, placed the same in the hands of The J. M. Clark Commission Company of Denver, Colorado, to be held for him, subject to delivery upon his order. He alleges, and the strong preponderance of the evidence tends to show, that he had neither sold the goods to the Commission Company nor authorized it to sell them for him, but on the contrary had simply contracted for their storage for a certain consideration, to be paid monthly.

The evidence shows that on or about the 13th day of January, 1891, plaintiff notified the Commission Company that he did not wish to continue doing business with them, and

directed that all of his goods then held by the company should be immediately boxed and returned to him at Boston, Massachusetts, "via Galveston, Morgan Line of Steamships." The proof further shows that this order was received by the Commission Company in due course of mail, and that, after receiving the same, it partially complied therewith, by boxing, marking the goods, and placing the same separate and apart from other goods, preparatory to shipment. It further appears from the evidence that the appellants, J. W. Goss and John Mouat, both being directors of the Commission Company, the former its president and general manager, and the latter its vice president, by themselves and in connection with other officers of the company, sold these and other goods to one Martin and took his notes therefor.

It is further shown that at this time the North Denver Bank held the notes of the Commission Company for a large amount, and that certain notes of the defendants, Goss and Mouat, were in this bank as collateral security for the notes of the Commission Company. It also appears that the defendants caused the notes executed by Martin to be deposited in the bank to pay the debt of the Commission Company, and to relieve the notes of the defendants to that extent. In the district court, the plaintiff obtained judgment for $2,869.65. Upon appeal to the court of appeals this judgment was affirmed, and from this latter judgment this appeal is prosecuted.

Messrs. DOUD & FOWLER and Mr. R. H. GILMORE, for appellants.

Messrs. STUART BROTHERS, Mr. E. E. EDMONDS and Mr. C. P. EVANS, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

There is some conflict in the evidence as to the authority of the Commission Company to sell these goods prior to the receipt of plaintiff's letter of January 13th, although we think

the strong preponderance of the evidence is in favor of plaintiff's claim that the Commission Company had no such right. This question, however, is entirely immaterial; for, if it be conceded that such right existed at one time, it was terminated by that letter, and neither the company nor any one acting for it had the right to sell the goods after the receipt of that letter. In these circumstances, the instruction of the trial court to the effect that if the Commission Company or appellants thereafter sold the goods in controversy, all persons participating in, aiding or abetting such sale were accountable to the plaintiff for the full value of the goods so sold, was free from error.

The liability of the defendant in this case to the extent of the value of plaintiff's goods included in the transfer to Martin is conceded, but it is contended that the evidence shows the value of the goods so converted to be $1,612.38, and no more; it being urged that in so far as the verdict of the jury and judgment of the court exceed this sum, the same is based upon incompetent evidence that should have been rejected.

The abstract filed by appellants contains many erroneous statements in reference to the evidence received at the trial. Appellees have filed amendments to this abstract, in which sixty-eight errors in the original abstract are specifically pointed out. If a motion had been interposed to strike the original abstract from the files, it would have been sustained, and appellants required to file a new and correct abstract, or, upon failure so to do, the appeal might have been dismissed for want of prosecution. The abstract is so misleading as to be of no service whatever to the court in the investigation of the cause upon this appeal.

An examination of the transcript shows that the claim of counsel with reference to the failure of the evidence to support the judgment to its full amount is not well taken. The transcript shows that at least two witnesses testified to a value equal to, or in excess of, the amount of the judgment. It must be conceded, however, that if incompetent evidence

was received against a proper objection, and that such evidence may have affected the result, the judgment of the district court must be reversed. It is insisted that the introduction of certain exhibits marked "L" and "M" against the objection of appellants was erroneous, and that for this reason the judgment should be reversed. These exhibits were transcripts of plaintiff's books, the books themselves not being offered in evidence. Together they show the amount of goods shipped by plaintiff to the Clark Commission Company and the disbursements made by such company. These transcripts were offered while the plaintiff was upon the witness stand. He had previously identified certain invoices and other papers, containing in detail the same items. When the objection to the exhibits "L" and "M" was interposed, the court asked Mr. Wood the following questions:

"Have you introduced all your bills to correspond with those entries?" "Yes, sir."

"Is this only a compilation of those bills?" "Mr. Stuart: Yes, sir. It is a compilation of the bills and it is in such a way that the jury may get at it. I am going to prove his knowledge that they are correct."

"That exhibit which you hold in your hand, 'L' and the one I have, 'M' what was it taken from?" "Taken from a stock book showing the shipments to Denver and the disbursements from Denver."

In answer to other questions, the witness clearly established the competency of these exhibits "L" and "M," provided he was correct in the statement that he had introduced all bills corresponding with the entries.

Upon a careful examination of the transcript, we have been unable to find a verification of the statement of the witness in this particular; our conclusion being that, although these bills were properly identified, they were, with one or two exceptions, not offered in evidence at any stage of the trial. It is therefore evident that the ruling of the court, admitting these exhibits, was based upon a misunderstanding of the facts. Had this misunderstanding been corrected,

as it should have been by counsel, the court would without doubt have excluded the exhibits as incompetent. We think that counsel, by remaining silent at the time, are estopped from now urging an objection to these exhibits, which was not called to the attention of the trial court.

The conduct of the defendants in this case, as shown by the evidence, is not such as entitles them to favorable consideration at the hands of a court of justice. They sold these goods and executed a bill of sale therefor to Martin at a time when they knew, or ought to have known, that they were selling the property of another, over which they had no authority or control, except for the purpose of reshipment to the owners. The plaintiff having made out a *prima facie* case as to the value of the goods thus wrongfully converted by the defendants, it devolved upon the defendants to show a diminution of such value ; the facts being particularly within their knowledge. Having failed to do this, they cannot now be heard to complain of the amount of the verdict. The judgment of the court of appeals is accordingly affirmed:.

*Affirmed.*