[No. 5362.]
[No. 3011 C. A.]

## KLUG v. MUNCE.

1.  **Chattel Mortgages—Animals—Description—Sufficiency.**

    The description of a horse in a chattel mortgage as "One gray horse, 5 yrs. old, branded with Sterling's brand," the animal being plainly branded, is sufficient.—P. 278.

2.  **Same—Rule as to Description—Subsequent Incumbrancers— Duty of Making Inquiry.**

    As against third persons, the chattel mortgage must point out the subject-matter so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests; and every inquiry which the instrument itself could reasonably suggest, must be made by a subsequent incumbrancer.—P. 279.

3.  **Replevin—Fraudulent Conveyances—Sales—Change of Possession—Who May Attack.**

    In an action of replevin for property claimed by plaintiff under a sale to him by a third person, defendant, who is neither a creditor of nor a subsequent purchaser from such third person, cannot attack the validity of the transfer of the property between such third person and plaintiff on the ground of no actual change of possession.—P. 280.

4.  **Replevin—Necessity of Demand.**

    In an action of replevin, a demand is only required when it is necessary to terminate the defendant's right of possession which had theretofore been lawful, and confer the right of possession on the plaintiff; and one is not required when the possession of the defendant was wrongfully acquired, or where the plaintiff's right of possession has been wrongfully invaded by him.—P. 280.

5.  Appellate Practice—Replevin—Form of Judgment—Conformity to Code—No Objection Below.

In an action of replevin, where no objection was made in the lower court that the judgment was not in conformity with § 227 of the code, such objection will not be considered on appeal.—P. 280.

*Appeal from the County Court of Weld County.*
*Hon. Chas. E. Southard, Judge.*

Action by William Munce against John P. Klug. From a judgment for plaintiff, defendant appeals.
*Affirmed.*

Mr. GEORGE W. MILLER, for appellant.

Mr. CHARLES F. TEW, for appellee.

This is an action of replevin originally brought before a justice of the peace. On appeal to the county court, the cause was tried to the court and judgment rendered in favor of appellee (plaintiff below). The evidence discloses the following facts:

On February 15, 1902, F. E. Smith & Co., a firm doing business in Greeley, Colo., sold to William Munce, Sr., and Jesse Munce certain property, including two horses, for which they gave their promissory note for $330, payable in installments, the last installment falling due June 1, 1903, and executed a chattel mortgage to secure the payment of the same. These horses were purchased by Smith & Co. from Asa Sterling, and were described in the mortgage as follows: "One gray horse, 5 yrs. old, branded with Sterling's brand; one black horse, coming 5 yrs. old, branded with Sterling's brand." The chattel mortgage was duly signed, acknowledged and recorded February 19, 1902. On April 14, 1903, Jesse Munce executed to John P. Klug several promissory notes amounting in the aggregate to the sum of $500, and to secure the payment of the same

executed a chattel mortgage which included, with other property, two horses described as follows: "One iron-gray horse, 8 yrs. old, brand '—S', weight 1,150 lbs.; one black horse, 6 yrs. old, brand '—S', weight 1,050 lbs." In the fore part of June, 1903, Jesse Munce delivered to Smith & Co. the property described in the first mentioned chattel mortgage, including the two horses in controversy, and received a credit therefor of $300 on the note executed by him and William Munce, Sr. Smith & Co. took and held possession of the horses for two days, when they were sold and delivered to appellee. The horses were then in Smith's corral, and remained there until they were taken by appellant without the consent of appellee.

Mr. Sterling testified, *inter alia,* as follows: "I have two brands; one a reverse letter 'S', and the other a figure '6' with a half circle; sometimes it is hardly a half circle. These are my recorded brands. I have put the half circle '6' on some; for a few years I have been putting on the reverse 'S', and later I have put a bar over the 'S'." These horses were both branded on the left shoulder with a reverse S with a bar over it. From a judgment in favor of the plaintiff, defendant prosecutes this appeal.

Mr. JUSTICE GODDARD delivered the opinion of the court:

1. It is contended by counsel for appellant that the court erred in admitting in evidence the chattel mortgage executed by Jesse and William Munce, Sr., because it failed to specifically describe the marks and brands, or otherwise describe the horses, so as to enable third parties to identify them. We think this contention is unwarranted. The color and ages of the horses are given, and referring to

the brands the language used is "branded with Sterling's brand." We think this is sufficient to put a party upon inquiry to ascertain what Sterling's brand was, and whether or not the reversed S with bar over it, which plainly appeared upon the left shoulder of the horses, was such brand.

The appellant testified that the brand on these horses was a bar over the S, which Mr. Sterling. testified was his brand, and that it was the brand used on the horses he sold to F. E. Smith & Co. The evidence as to the age and color of the horses shows that in these respects the horses were correctly described in the mortgage. The rule as to the description of property included in a chattel mortgage is that: "As against third persons the mortgage must point out the subject-matter so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests."—6 Cyc Law & Procedure 1022, and cases cited in note 25; *Lawrence v. Evarts*, 7 Ohio St. 197. And "Every inquiry which the instrument itself could reasonably be deemed to suggest must be made by a subsequent incumbrancer."—*Yant v. Hardy*, 55 Ia. 421.

Tested by this rule, the description of the horses in the mortgage was sufficient to furnish constructive notice to third parties that they were covered thereby, and appellant therefore took his mortgage subject thereto, and with notice of Smith & Co.'s right to take possession of them in case of default in the payment of their note. It follows that the mortgage was properly admitted in evidence.

2. It is further contended that there was no such change of possession of the horses as required by the statute. We assume that the statute referred to is section 2027, Mills' Ann. Stats., which provides that every sale of goods or chattels unaccompanied

by immediate delivery and followed by an actual and continued change of possession, shall be presumed to be fraudulent and void as against the creditors of the vendor or subsequent purchasers in good faith.

There is no question as to the sufficiency of the delivery to, and the actual and continued possession of the horses by, Smith & Co., but it is claimed that the delivery and change of possession of the horses as between Smith & Co. and the appellee did not constitute a sufficient compliance with the requirements of the statute. It is unnecessary to determine whether this is true or not, since the appellant was neither a creditor of, nor a subsequent purchaser from, Smith & Co., and he is, therefore, not in a position to invoke the aid of the statute.

3. The claim of appellant that a demand was necessary to enable appellee to maintain this action is equally untenable. A demand is only required when it is necessary to terminate the defendant's right of possession which had theretofore been lawful, and confer the right of possession on the plaintiff, and is not required when the possession of the defendant was wrongfully acquired, or where the plaintiff's right of possession has been wrongfully invaded by him.

In this case, the appellant took possession of the horses without any right to do so, and deprived the appellee of possession of the same without his consent. No demand was, therefore, necessary as a condition precedent to the maintenance of the action.

4. In argument counsel for appellant attack the form of the judgment, but as there was no objection to the judgment on this ground interposed in the court below, and no exception taken to the judgment for the reason that it did not strictly conform

to the requirements of section 227 of the code, we are not called upon to consider this objection.

Upon a careful examination of the record, we are unable to see wherein the court below committed any error in the trial of the cause which would justify a reversal.   Its judgment, therefore, is affirmed.                                          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.