[No. 5172.]
[No. 2775 C. A.]

ILFELD V. ZIEGLER ET AL.

1.   Chattel Mortgages—Sale by Mortgagor—Validity.

A mortgagor, remaining in possession of the chattels under the terms of the mortgage, may, before default or forfeiture, sell them subject to the lien of the mortgage.—P. 405.

2.  Same—Absolute Sale Constitutes Conversion.

A mortgagor, remaining in possession of the chattels under the terms of the mortgage, by making an absolute sale of the same works a conversion thereof, for which the mortgagee may maintain trover without demand.—P. 405.

3.  Pleading—Allegations—Facts—How Stated—Demurrer.

A pleading should state the facts directly and positively, and not hypothetically or by way of recital, and such defects are subject to a general demurrer.—P. 406.

4.  Same—Chattel Mortgages—Conversion of Mortgaged Property—Trover—Answer—Sufficiency.

In an action for conversion by a mortgagee against the buyer of mortgaged sheep, an answer alleging that if any of the sheep ever belonged to the mortgagor, and were intended to be included in the chattel mortgage, if any mortgage existed, the mortgagee, in permitting the mortgagor to sell and in neglecting to notify defendant of his rights, if any, under the mortgage, was barred from claiming the property against defendant, is fatally defective in failing to allege any fact positively.—P. 406.

5.  Appellate Practice—Answer Containing no Positive Allegations—Evidence to Prove—Admission Constitutes Error.

Where the answer contains no positive allegation of a fact, but only by way of recital, the admission of evidence to prove such fact constitutes prejudicial error.—P. 407.

6.  Principal and Agent—Acts of Agent—Ratification by Principal—Estoppel.

Where a sale is completed by the agent before knowledge of it reaches the principal, and no change in the condition of the parties can occur from his delay to approve or disapprove it, mere silence may be evidence of ratification, but it does not work as an estoppel.—P. 408.

7.  Same—Agent Representing Himself as Owner—Chattel Mortgages.

Where the mortgagors, in selling mortgaged chattels, did not avowedly act as agents of the mortgagee, but rather in their own right as owners, the mortgagee could not be bound thereby on the theory of ratification of an unauthorized act of his agent. —P. 408.

8.  Chattel Mortgage—Conversion of Mortgaged Property—Evidence—Similar Acts Approved by Mortgagee.

In an action by the mortgagee for conversion against the buyers of mortgaged chattels, evidence that similar acts of sale of mortgaged chattels by the mortgagor had been approved by the mortgagee is inadmissible, unless accompanied by evidence

that the buyers knew of such fact at the time of making the purchase; for, if they did not know of such a practice, they could not have relied upon it.—P. 408.

9. Same—Mingling with Other Property.

Where a mortgagor wrongfully sold and delivered mortgaged chattels to certain buyers, and they mingled them with other chattels of a similar kind, in an action against the buyers for conversion, the burden is on them to show what property was and what was not described in the mortgage.—P. 409.

10. Same.

Where personal property covered by a mortgage is traced into the possession of one who had constructive notice thereof, and he seeks to prove his possession to be rightful, the burden of proving such fact rests upon him; and if he seeks to do this by showing a purchase of the property from the mortgagor, acting as agent of the mortgagee, the burden is upon him to show that the mortgagor had such power, and that it was strictly followed.—P. 410.

*Appeal from the District Court of Larimer County.*
*Hon. Christian A. Bennett, Judge.*

Action by Charles Ilfeld against Watson Ziegler, Mudge Ziegler and Henry A. Ziegler as co-partners as Ziegler Brothers, and Watson Ziegler, Mudge Ziegler and Henry A. Ziegler. From a judgment for defendants, plaintiff appeals.

*Reversed and remanded.*

Messrs. HODGES, WILSON & HODGES, and Messrs. DORSEY & HODGES, for appellant.

Mr. JOHN T. BOTTOM, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action for conversion. The complaint in substance alleges that plaintiff, as mortgagee of a flock of sheep and lambs, became thereby the special owner and entitled to the immediate possession thereof. The mortgage was given to plaintiff by Mateo Lujan and wife, in the territory of New Mexico, and

was intended as security for their promissory notes to him, and for future advances. Being of record, it was constructive notice in that jurisdiction. During the lien of the mortgage, the complaint alleges that the defendants wrongfully obtained possession of the sheep, and converted them to their own use, for which damages are asked.

The answer, after denying the allegations of the complaint, contains this separate affirmative defense:

"That if any of sheep or lambs now or heretofore in the possession of the defendants ever belonged unto Mateo Lujan and Ambrosia V. Lujan, or either of them, and were intended to be included in said chattel mortgage, if any such mortgage ever existed, described in the plaintiff's complaint, the plaintiff, by reason of his acts in permitting the said Mateo Lujan to transfer, sell and convey the property pretended to be included in said mortgage, and by reason of his failure and neglect to notify the defendants within a reasonable time of his rights (if any) under said chattel mortgage (if any), is barred and prevented from having any claim or demand whatsoever against the defendants, or either of them."

The plaintiff filed a motion to make this defense more definite and certain, specifically pointing out that it failed to allege any fact positively or directly, was hypothetical, in the alternative, and by way of recital. The court overruled the motion, and plaintiff, by replication, denied the averments of the answer.

The jury returned a verdict for the defendants, and from a judgment entered thereon plaintiff appeals, assigning a number of grounds for reversal. Because we must set aside the judgment for reasons presently stated, we shall not comment upon the evi-

dence further than becomes necessary in discussing the legal questions involved.

1.   First we discuss an objection here made. to the complaint.   It was not raised at the trial, defendants on this review for the first time questioning its sufficiency.   The particular point which they make is that the facts alleged will not support trover.   The argument is that since the mortgage expressly stipulates that the mortgagors may remain in possession of the property until default, and the plaintiff had not taken possession at the time of the alleged conversion, the mortgagors might convey a good title before default, subject to the lien of the mortgage; hence the sale made, as it was, by the mortgagors before default, conveyed good title subject to the mortgage lien, citing *Lafayette County Bank v. Metcalf,* 29 Mo. App. 384, and other cases therein considered.

The defendants are supposing a case not made by the complaint in the sense contended.   The mortgagor, who, under the terms of the mortgage, remains in possession may, before default or forfeiture, sell and convey title subject to the lien of the mortgage.—Jones on Chattel Mortgages (4th ed), § 454, and authorities cited.   But the Missouri case cited by counsel, whatever may be said of it under its own facts, is not in point here.   In that case the sale was made in recognition of the rights of the mortgagee, and the property was transferred subject to the lien of the mortgage.   Yet even there the majority of the court were of opinion that no demand was necessary to maintain the action, which was one for conversion. Where, as in the case in hand, the sale is an absolute one of the mortgaged property by the mortgagor in exclusion of the rights of the mortgagee, such sale itself works a default and is a conversion of the property for which the mortgagee may maintain trover

without demand.—Jones on Chattel Mortgages (4th ed.), § 460.

The distinction is made in *Lafayette County Bank v. Metcalf*, 40 Mo. App. 494, between a sale subject to the mortgage and one in antagonism thereto. In the latter case it was held that an antagonistic sale is a conversion, for, if given effect, it would annihilate the security. The complaint states a cause of action, and, assuming its allegations to be true, plaintiff was entitled to the possession of the property because of the default of the mortgagor in breaking the covenants of the mortgage. Plaintiff had a special property in the mortgaged property, and was entitled to immediate possession, and this action was maintainable without previous demand. —*Harrington v. Stromberg-Mullins Co.*, 29 Mont. 157; *Sandager v. Northern Pac. Elevator Co.*, 2 N. Dak. 3; *Reynolds v. Fitzpatrick*, 23 Mont. 52; *Horn v. Reitler*, 12 Colo. 310; *Murphy v. Hobbs*, 8 Colo. 17, 30; *Mouat v. Wood*, 22 Colo. 404.

2. The rule is elemental that in a pleading facts should be stated directly and positively, not hypothetically or by way of recital. Such defects in a pleading under the rule prevailing in this state are subject to a general demurrer.—*Leadville Water Co. v. Leadville*, 22 Colo. 297. The plaintiff, however, by his motion, which he was not obliged to make, specifically called the attention of the court and defendants to the vice in the affirmative defense of this answer. The court overruled the motion, and the defendants did not see fit to amend their pleading. This defense is fatally defective in the foregoing particulars, as well as in other respects which the parties have not referred to. If other authority than that found in our own decisions were necessary, the following cases furnish it: *Suit v. Woodhall*,

116 Mass. 547; *Jamison v. King,* 50 Cal. 132; 6 Enc. Pl. & Pr. 270; Bryant's Code Pleading 204.

In *Suit v. Woodhall,* the court by Gray, C. J., in considering objections made to an answer to a declaration on an account for the price of intoxicating liquors, held the answer before the court not sufficient to warrant evidence that the liquor was sold in violation of law, because the pleading contained no clear or precise allegation that the goods sued for were sold illegally, "but only that if it shall appear that the goods were sold as alleged in the declaration, it will also appear that they were sold in violation of law. The issue thereby tendered is not whether there was an illegal sale, but whether in a certain contingency it will appear that there was an illegal sale.  *  *  *  And if he (plaintiff) had filed a replication, denying all the allegations in the answer, his denial would in like manner have been limited to what might be made to appear, and no issue would be joined upon what the fact was."

The court in the case at bar permitted defendants to introduce in support of this defense evidence which tended to show not only that the plaintiff, as mortgagee, authorized the mortgagors to sell the property, but by his failure within a reasonable time after the sale to repudiate it after full knowledge of the facts, he was estopped to assert this demand against the defendants.

This was clearly prejudicial error, because such issues were not tendered. There is no positive allegation in this defense that the sale was authorized, and only by recital, which is wholly insufficient, was there even an attempt to allege facts essential to a plea of estoppel.

3. Even though such issues had been present, the court erred in not properly instructing the jury as to the law relating to the inaction of a principal

after the sale by an unauthorized agent. In *Union M. Co. v. Rocky Mt. Nat. Bank,* 2 Colo. 262, 263, Hallett, C. J., draws the distinction between the cases where mere silence of the principal, after knowledge of the facts, is to be considered only as evidence of acquiescence or ratification, and cases where it will operate, as matter of law, by way of estoppel. Where the sale is completed before knowledge of it reaches the alleged principal, and no change in the condition of the parties can occur from his delay to approve or disapprove it, mere silence may be evidence of ratification, but it does not work as an estoppel. See, also, *Breed v. First Nat. Bank,* 4 Colo. 507.

4. It is the law that there is no rule for the operation of the ratification by a principal of the unauthorized act of an agent unless the latter, at the time of the sale, avowedly acts as an agent. The authorities seem to be unanimous upon this point.— Story on Agency (9th ed.), § 251a; 1 Chitty on Contracts (11th Am. ed.) 293; *Puget Sound Lumber Co. v. Krug,* 89 Cal. 237, 243; *Crowder v. Reed,* 80 Ind. 1, 10; *Richardson v. Payne,* 114 Mass. 429; Mechem on Agency, § 127.

We think it appears that the mortgagors did not avowedly act as agents of the mortgagee, but rather in their own right as owners—at least, there was evidence that they professed to act in their own behalf—and yet the court proceeded as if ratification could be had, regardless of the capacity in which the seller acted. This was error.

5. The court, over the objection of plaintiff, admitted evidence that similar acts of sale of mortgaged property by these mortgagors and other persons had been approved by the plaintiff, as mortgagee. This was on the theory that such acts threw light upon the present transaction, and rendered

probable defendants' claim that this sale also was authorized. There is a question as to whether, in the light of the subsequent explanation of the witness by whom such acts were sought to be proved, this evidence should have been allowed to remain in the case, or considered even as tending to prove the custom alleged, but assuming that the evidence was properly retained, it alone is not sufficient. To make it so it should have been accompanied by other evidence that defendants knew of such approval at the time they made the purchase; for if they did not know of such a practice, they could not have relied upon it.—*Martin v. G. F. Mfg. Co.,* 9 N. H. 51; *Schoenhofen Brewing Co. v. Wengler,* 57 Ill. App. 184.

6. Probably the question to which most of the evidence is directed and concerning which there is the greatest conflict is as to the identity of the sheep and lambs which came into defendants' possession with those described in the mortgage. There was evidence in the record tending to show that defendants themselves did not buy any sheep of plaintiff's mortgagors, but that the same were purchased by a third person and sold to the defendants by him. There is also evidence tending to show a sale direct to the defendants by the mortgagors, and that in driving the sheep from their ranch to the railroad station, and after they were received at the yards, other sheep and lambs were turned into the pens with the mortgaged sheep, and that such mingling was done both by the mortgagors and the defendants as their vendees. The plaintiff asked an instruction that if the sheep described in the mortgage were by the mortgagors wrongfully sold and delivered to the defendants, and if they, or either of them, purposely or carelessly mingled them with other sheep, the

burden was upon defendants to show what sheep were, and what were not, described in the mortgage. The instruction should have been given, and its refusal was prejudicial error.—*Adams v. Wildes,* 107 Mass. 123; *Burks v. Hubbard,* 69 Ala. 379.

In the *Burks case* it was also held that where personal property covered by a mortgage is traced into the possession of one who had constructive notice thereof, and the purchaser seeks to defend his possession by proving that it was rightful, the burden of proving such defense rests upon him; and if he seeks to do this by showing a purchase of the property from the mortgagor acting as the mortgagee's agent, the burden is upon him to show that the mortgagee had such power, and that it was strictly followed. The court erred in refusing so to charge.

Upon the question of the identity of the property, and the various errors assigned to the rulings on the evidence, we forbear discussion. In the light of the foregoing announcement of the law applicable to the case, such questions, or some of them, will not be likely to arise in case of another trial.

The judgment is reversed and the cause remanded with leave to the parties to amend their pleadings as they may be advised, and if further proceedings be had, that they be in accordance with the views herein expressed.      *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.