[No. 16576.  Department Two.  January 13, 1922.]

BARNETT BROTHERS, *Appellant,* v. J. F. LYNN *et al.,*
*Respondents.*[1]

PRINCIPAL AND AGENT (52, 63)—UNDISCLOSED AGENCY—LIABILITY
TO THIRD PERSONS—RATIFICATION OF ACTS OF AGENT—CONTRACTS OF
SALE.  Where a fruit grower's company makes a contract for the
sale of the fruit raised by its individual stockholders, a stockholder,
by taking advantage of the terms of the contract to dispose of his
early and soft fruits to the buyer at a price higher than the market
value, thereby ratifies and adopts the contract of the company calling
for the delivery to the buyer of his crop of winter apples, and is
liable in damages for a breach on his part.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered December 2, 1920,
upon sustaining a demurrer to the complaint, dis-
missing an action on contract.  Reversed.

*Lee & Kimball,* for appellant.

*Freece & Pettijohn,* for respondents.

HOLCOMB, J.—This suit is upon the same contract
alleged and set forth in the case of *Barnett Brothers
v. Lynn, ante* p. 308, 203 Pac. 387, the same allega-
tions being made in the amended complaint and the
same issues involved upon demurrer, with these addi-
tional facts:  Appellant alleges in its amended com-
plaint that these defendants ratified and confirmed
their contract for the sale and delivery of their fruit
by the Peach Fruit Growers' Company, as made by
them by and through their duly constituted represen-
tative and agent the Peach Fruit Growers' Company,
by delivering to plaintiff the following quantities of
their 1919 crop of fruit, to wit: 1,298 boxes of peaches
at 60c, and 601 boxes of pears at $1.25 per box; for
which plaintiff paid to these defendants the prices

[1]Reported in 203 Pac. 389.

specified in the contract for such fruit; that the prices were higher than the reasonable market value of the early and soft fruits of the season of 1919; and that one of the considerations for the making of the contract on the part of plaintiff and the paying of the prices named therein for such soft and early fruits was the special price made upon winter apples and winter pears, as specified in the contract; and that such special consideration was known to defendants and agreed to by them as a part of the terms of the contract.

It will thus be seen that there is the additional element of ratification and adoption of the contract on the part of these defendants which does not exist in the preceding case. Respondents claim that there could be no ratification of such contract because, as set forth in 31 Cyc. 1245:

"Ratification as used in the law of principal and agent may be defined as the adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another who at the time assumed to act as his agent in doing the act or making the contract without authority to do so."

It is urged that an examination of the contract in question shows that it was not entered into on behalf of defendants, nor did the Peach Fruit Growers' Company assume to represent defendants, and consequently there can be no ratification thereof. The text of 31 Cyc. 1251 is quoted as follows:

"In order that an unauthorized act may be capable of ratification it is necessary that it should have been performed by one acting as agent on behalf of another as principal. Hence if an alleged agent does not pretend or assume to be acting for another, but acts solely on his own account, then as to such other the transaction is *inter alios acta,* and he cannot make

himself a party to it by his ratification of the act; and even where one falsely professes to act as agent but is actually contracting for himself and in his own name, the alleged principal cannot make himself a party to the contract by ratification."

And the following cases are cited: *Puget Sound Lumber Co. v. Krug*, 89 Cal. 237, 26 Pac. 902; *McDonald v. McCoy*, 121 Cal. 55, 53 Pac. 421; *Backhaus v. Buells*, 43 Ore. 558, 73 Pac. 342; *Ilfeld v. Ziegler*, 40 Colo. 401, 91 Pac. 825; all to the effect in general that it is the law that there is no rule for the operation of the ratification by a principal of the unauthorized act of an agent unless the latter, at the time of the sale, avowedly acts as an agent. But we think there is sufficient alleged in the amended complaint, assuming that the sale was made directly by respondents to appellants, to bring this case within the rule announced by the circuit court of appeals in *Great Lakes Towing Co. v. Mill Transportation Co.*, 155 Fed. 11, to the effect that if a principal, not disclosed by a contract made by and in the name of his agent, subsequently claims the benefit of the contract, it thereby becomes his own to the same extent as if his name had originally appeared as the contracting party.

Respondents should not be permitted to avail themselves of the fruits of a part of the contract, as against appellant, and repudiate the remainder; it being alleged in the amended complaint against these defendants that they sold and delivered their peaches and pears at the contract prices, for which they were paid by appellant the prices specified in the contract, and that there was a special consideration for appellant to make the contract and pay the specified prices for such fruits, which was known to and agreed to by respondents as a part of the terms of the contract. The amended complaint stated a cause of action against

these defendants sufficient to put them upon their defense. The demurrer should have been overruled.

The judgment is reversed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.