### No. 10,001.

THE LONGMONT FARMERS' MILLING & ELEVATOR CO. *v.* MULVANEY, ET AL.

Decided March 6, 1922.  Rehearing denied April 3, 1922.

Action for conversion of mortgaged property.  Judgment for plaintiffs.

*Affirmed.*

1.  APPEAL AND ERROR—*Fact Findings.*  In an action for the conversion of mortgaged property, the question of whether or not the mortgagee consented to the sale, is one of fact, upon which the finding of the trial court, supported by evidence, will not be disturbed on review.

2. PERSONAL PROPERTY—*Conversion*—*Demand.* In an action for the conversion of personal property, a demand is not a necessary prerequisite, where the surrounding facts and circumstances show that it would have been unavailing.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. JACOB S. SCHEY, Mr. JOHN F. REYNES, for plaintiff in error.

Mr. RUDOLPH JOHNSON, Messrs. GOSS, KEMP & HUTCHINSON, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANTS in error were plaintiffs and plaintiff in error was defendant in the trial court and they are hereinafter so designated. Plaintiffs brought this action to recover damages in the sum of $6919.02 alleged to be due them for certain wheat sold by one Smith to defendant and upon which plaintiffs held a mortgage. That such a mortgage was executed, recorded and in force, and that the wheat was purchased by defendant from Smith is undisputed. It is set out in the answer that plaintiffs knew of the sale and the progress of delivery and payment, that they failed to notify defendant of their claims, that they accepted a part of the purchase price, that they openly held Smith out as the owner, and consented to the transaction. All this is denied by the replication.

By agreement of the parties a jury was waived and the cause was tried to the court, which found generally for plaintiffs and entered judgment in their favor for the sum of $3246.77. To review that judgment defendant brings error.

BURKE, J., after stating the facts as above.

Briefly stated defendant's position is: 1. That plaintiffs consented to the sale. 2. That under the facts and circumstances of this case demand was necessary and none was made.

That this is an action in conversion, that it can not lie if there was consent to the sale or ratification of the same, that such consent waives the lien, that consent may be implied from the circumstances surrounding the transaction, that the purchaser can not be bound by any secret agreement between the mortgagor and the mortgagee, and that the receipt of proceeds with the knowledge of their source is evidence of acquiescence in the sale, may all be admitted, and the authorities cited in support of them require no examination.

1.    Whether plaintiffs consented to this sale is a question of fact.    If there be evidence to support the judgment it can not be disturbed.    *Hallack, et al. v. Stockdale, et al.,* 14 Colo. 198, 23 Pac. 340; *Ziegler v. Ilfeld,* 52 Colo. 275, 278, 122 Pac. 56, Ann. Cas. 1913D, 583.

We are of the opinion that a minute examination and detailed discussion of the evidence is unnecessary and would be unprofitable.    We have examined the entire record with care and are fully satisfied that it supports the conclusion of the trial court that defendant did not sustain the burden imposed upon it by law of proving by a preponderance of evidence, estoppel, consent or ratification. That there are some conflicts in the evidence can not be disputed but these present no question for our consideration.

2.    The sale in question was an absolute one.    Defendant's possession was wrongful, and, the wheat having been received and mingled with other grain so that a demand would have been unavailing, and this action being contested on its merits, no demand was requisite.    *Ilfeld v. Ziegler,* 40 Colo. 401, 409, 91 Pac. 825; *Klug v. Munce,* 40 Colo. 276, 280, 90 Pac. 603; *Ellison v. Tuckerman,* 24 Colo. App. 322, 334, 134 Pac. 163.

Finding no reversible error in this record the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER not participating.