## No. 10,279.

### CARPER, ET AL. *v.* FROST OIL COMPANY, ET AL.

Decided December 4, 1922.

Action to establish a constructive trust and for an accounting. Judgment for defendants.

## *Affirmed.*

1. CORPORATIONS—*Right of Action—Stockholders.* Where a corporation itself has no right of action, a stockholder cannot sue in its behalf.

    And where alleged wrongs complained of are as much against the corporation as against the individual stockholders, no suit can be brought by the individual where it could not be maintained by the corporation.

2. APPEAL AND ERROR—*Evidence, how Considered.* On review, the appellate court must consider the testimony in the light most favorable to the party successful in the trial court, and draw every inference, fairly deducible from the evidence, in favor of the judgment.

3.   CORPORATIONS—*General Manager.* A general manager is one who manages property of the company already acquired.

4.      *Officers Acquiring Property or Engaging in Similar Business.* Whether it is the duty of an officer of a corporation to purchase property for it, or refrain from purchasing it himself, depends upon the interest of the corporation, or whether a purchase by the officer would interfere with the plans of the company in carrying on the business for which it was created.

   When acting in good faith, an officer is not precluded from engaging in distinct enterprises of the similar general class as that in which the corporation is engaged.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. A. M. STEVENSON, Mr. WARWICK M. DOWNING, Mr. FREDERICK SASS, for plaintiffs in error.

Mr. HENRY MCALLISTER, JR., Mr. WALTER M. APPEL, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in equity to establish a constructive trust and for an accounting. It was brought by two stockholders of The Western Oil Fields Corporation, suing individually and as stockholders of the corporation on behalf of themselves and others similarly situated. The cause of action, if any, alleged in the complaint is one existing in favor of the corporation. The defendants are, or were, certain directors of the corporation, and others. Judgment was for defendants, and plaintiffs bring the cause here for review.

The trial court held, from the evidence, that no cause of action existed in favor of the corporation. If that conclusion must be sustained upon this review, all other questions raised become immaterial, and the judgment must be affirmed. This results from the rule that where a corporation itself has no cause of action, it necessarily follows that a stockholder cannot sue in its behalf. 14 C. J. 929. And it follows, further, that plaintiffs cannot maintain

this suit on their individual behalf unless they can maintain it on behalf of the corporation where, as here, the alleged wrongs complained of are as much against the corporation as against themselves individually. Therefore the only question necessary to be determined here is whether any cause of action exists in favor of the corporation, provided this question must be answered in the negative. If it is so answered, it becomes immaterial what plaintiffs' status as stockholders was, or whether they were entitled to sue as stockholders.

On review, the testimony must be viewed in the light most favorable to the party successful in the trial court, and this court will, as it must under the rules relating to appeal and error, draw every inference fairly deducible from the evidence in favor of the judgment. 4 C. J. 786; *Haines v. Marshall*, 67 Colo. 28, 185 Pac. 651.

The alleged cause of action is based on the fact that the defendant W. H. Malone was an attorney, director, and general manager of the corporation, and while such officer acquired property of that class which the corporation was buying. If under all the circumstances, the above stated fact did not constitute a wrong committed by W. H. Malone, giving rise to a cause of action in favor of the corporation, then no wrongful act was committed by the other defendants, since they are made defendants because of their connection with the transaction above mentioned. In other words, if no cause of action exists against W. H. Malone, none exists against the defendant R. H. Malone since he did not originate or carry out the transaction but only became a vendee of the property jointly with W. H. Malone. The Frost Oil Company is made a defendant because it subsequently acquired the property. All that is necessary, therefore, to determine the ultimate question in this case is to ascertain whether the evidence is such that there is and was no cause of action against the defendant W. H. Malone.

The evidence is voluminous. To recite the material part thereof would consume more space than its usefulness in

an opinion would justify. An outline of the circumstances is sufficient.

The Western Oil Fields Corporation was a corporation engaged in the oil business. It was organized under the laws of Colorado for the purpose of purchasing and taking over, developing and operating oil lands in the state of Louisiana. At the time of the transaction complained of, R. H. Malone was the president of the corporation, and defendant W. H. Malone was its attorney, one of the directors, and its general manager. In the course of his employment, he made a trip to the state of Louisiana, and while in that state he purchased some oil lands, or leases thereof, for himself, or for himself and R. H. Malone. This land was not developed at the time of the purchase, and its value was not then a certainty. The evidence does not show that the corporation itself could have purchased the same land or leases at a reasonable price. It was offered to W. H. Malone personally at a reduced figure. Nothing that W. H. Malone did in this connection prevented the corporation from purchasing other properties, or leases. Had the transaction not occurred, it is not certain that the corporation would have purchased the property involved in this suit. ' Furthermore, it appears that W. H. Malone was not sent by his corporation to the state of Louisiana for the specific purpose of finding oil lands and purchasing the same for the corporation. He was sent as general manager. His duties were not defined, however. Still, as general manager he was not empowered, on that account, to buy property. A general manager is one who manages property already acquired. R. E. Lee S. M. Co. v. Omaha, etc. Co., 16 Colo. 118, 26 Pac. 326. From all of the evidence in this case, it appears that there was no obligation upon the part of either R. H. Malone as president, or W. H. Malone, as general manager, to purchase the property involved in this suit for their corporation or to offer the same to such company, and they, or either of them, had the right to purchase it for themselves.

There is no divergence in the authorities with respect

to the law governing the situation existing in the instant case. The following extracts from Corpus Juris sufficiently state the law:

"Whether in any case an officer of a corporation is in duty bound to purchase property for the corporation, or to refrain from purchasing property for himself, depends upon whether the corporation has an interest, actual or in expectancy, in the property, or whether the purchase of the property by the officer or director may hinder or defeat the plans and purposes of the corporation in the carrying on or development of the legitimate business for which it was created." 14a C. J. 116, section 1883.

"When acting in good faith, a director or officer is not precluded from engaging in distinct enterprises of the same general class of business as the corporation is engaged in." 14a C. J. 121, section 1890.

We are satisfied that the evidence supports the trial court's findings, and that the judgment is correct under the rules stated in the foregoing quotations.

The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER, concur.