## No. 13,289.

COLORADO AND UTAH COAL COMPANY *v*. HARRIS ET AL.

(49 P. [2d] 429)

Decided September 9, 1935.

Messrs. Dines, Dines & Holme, Mr. Milton J. Keegan, Mr. Robert E. More, for plaintiff in error.

Messrs. Lewis & Grant, Mr. F. W. Sanborn, Jr., for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as the Colorado Company or as plaintiff, and defendants in error as Harris, the Harris Company, the Grassy Company and Whittaker respectively, or as defendants.

This is a suit in equity brought by the Colorado Company to impress a trust upon certain coal lands standing in the names of defendants. To review a judgment against it plaintiff prosecutes this writ.

Harris was president of the Colorado Company from its organization in 1914 until 1927, and continued as a director for some two years thereafter. Whittaker was one of its employees. Its claim is based upon the allegations that Harris, prior to the termination of his said official relationships, secretly purchased, through Whittaker, 160 acres of coal land, known as the "Dawson tract," and secured from the United States a prospecting permit on 120 acres, known as the "permit area"; that he conveyed these to the corporate defendants; that

plaintiff had an expectancy in these properties; and that Harris, because of the fiduciary capacity in which he obtained his knowledge of the value of the properties in dispute, because this was obtained at the expense of plaintiff, and because he gave plaintiff no opportunity of acquiring the same, now holds in trust. Harris denies the expectancy and some of the material facts upon which it rests; alleges that he never actively participated as a director of the Colorado Company after September, 1927; admits the purchase of the Dawson tract, the securing of the permit, and their conveyance; and denies generally plaintiff's other material allegations. He further charges a conspiracy on the part of plaintiff, its officers, directors and stockholders, to monopolize the coal business, by reason of which he says it comes into equity with unclean hands. Since Harris controls the Harris Company and the Grassy Company, and merely availed himself of the services of Whittaker as an agent for the transfer of title, the record justifies us in treating this as a suit between the Colorado Company and Harris.

The trial court found against Harris on his allegation of conspiracy. Otherwise it found for defendants on "all issues herein joined, both of fact and of law," and gave them judgment for costs.

Plaintiff's presentation here is limited to a single assignment which reads: "The court erred in finding that an agent may acquire property in which his principal has an expectancy; and the court erred further in finding that plaintiff had no expectancy in the property upon which it seeks to impose a trust."

There have been filed herein over 300 printed pages of briefs and 1,500 of abstract. We have spent much time on this record. It would be an interminable, and wholly superfluous task, to attempt in this opinion to review the evidence presented in these 4,000 folios. If such a review were comparatively comprehensive, it would fill a large portion of one of our reports. If not, it would be neither satisfactory nor informative to the

312

losing party. In no event could such a review, extended or abbreviated, be of value to the successful party, or of service as a precedent to bench or bar. Suffice it to say that on all major points in dispute we think the evidence either clearly supports the judgment or is simply conflicting. That the findings of the trial court under such circumstances must stand is no longer questionable. *Roberts v. Dietz,* 88 Colo. 594, 598, 298 Pac. 1062; *McLean v. Jones, Administrator,* 90 Colo. 213, 218, 8 P. (2d) 261. Were it otherwise counsel for plaintiff have put the matter at rest by saying: "We shall not, of course, seek a review of questions of fact upon which there was conflicting evidence." They contend, however, that, accepting that view of such evidence most favorable to defendants and adding thereto undisputed evidence favorable to plaintiff, which is all that is required under the rule, the judgment is still unsupported. We do not so read the record.

 Plaintiff seeks to establish a trust in which the alleged fraud of Harris, actual or constructive, is an essential element. Evidence thereof must be "clear," "convincing," "c e r t a i n ," "unequivocal," "trustworthy," "conclusive." *Mullen v. McKim,* 22 Colo. 468, 472, 45 Pac. 416; *Deaner v. O'Hara,* 36 Colo. 476, 479, 85 Pac. 1123; *Irvine v. Minshull,* 60 Colo. 112, 119, 152 Pac. 1150. This measure of proof must be applied to each essential element of plaintiff's case. It must first establish an interest, actual or in expectancy, in the property in question, while Harris was its representative. 14A C. J., p. 116, §1883. Harris, as such representative, could embark upon no business which would cripple or injure his principal, or acquire interests adverse to it if thereby he would hinder or defeat the very purpose of its organization. But if he had no duty to act or contract for it with respect to the property in question he was at liberty to act for himself. *Bisbee v. Midland L. P. Co.,* 19 F. (2d) 24, 28.

██ ██ There being here no existing right plaintiff

must, and does, rely upon expectancy. There is ample evidence of investigation and consideration by plaintiff of the property in dispute while Harris was its representative, but there is evidence that the contingency which prompted this had passed before Harris acted for himself, and this evidence favorable to plaintiff is much weakened by the fact that the Colorado Company also conducted very extended investigations as to numerous other coal properties and secured representations from its agents concerning them. These parties are operating in a territory containing coal deposits of vast, we might almost say of unlimited, extent. Such is the condition of this record as to force the conclusion that if plaintiff had an interest in expectancy in the property in question it had a virtual monopoly of extensive fields into which its officers and directors were forever precluded from entering. We find in the authorities, and in reason, no support for such an extension of the doctrine of expectancy. If Harris had no duty to acquire for, or offer to, his company the property in dispute, and we think there is ample evidence to support the trial court's conclusion to the contrary, he had a right to acquire it for himself. *Carper v. Frost Oil Co.*, 72 Colo. 345, 348, 211 Pac. 370. Even had Harris gained all his knowledge through his connection with plaintiff, and even had plaintiff been; in a general way, "negotiating for and endeavoring to purchase" the interests involved, something more is required to establish the essential expectancy and bar Harris from acquiring individually. *Lagarde v. Anniston Lime & Stone Co.*, 126 Ala. 496, 28 So. 199; *Zeckendorf v. Steinfeld,* 12 Ariz. 245, 100 Pac. 784. For plaintiff to prove its expectancy, which was the very crux of its case, we think it was bound to establish not only that the properties in question possessed value to it, but that it had a practical, not a mere theoretical, use therefor. It is urged, in substance, that the trial court's findings, if sustained, must rest upon certain testimony of Harris which is contrary to his evidence on the same subjects,

given on behalf of the plaintiff while he was its representative, but in a different proceeding, and which, for that reason, is not to be considered. We can only say that all this was before the trial court. The questions were of fact and the credibility of the evidence for it.

While the record discloses a notable absence of friendly relations between the Colorado Company and its former president we find no evidence which obliged the trial court to hold that the principal purpose of the suit was to close the doors of the coal business to Harris, or that the motive of the latter's action was to injure his former employer.

On the whole our conclusion is that the law necessarily applicable here is well settled and the authorities fairly harmonious, and that the real questions are of disputed facts found upon conflicting evidence.

The judgment is accordingly affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK dissent.

MR. JUSTICE HOLLAND not participating.